STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert A. LOOMER, Defendant-Appellant.†

Court of Appeals

*No. 89-0973. Submitted on briefs November 20, 1989.—Decided December 13, 1989.*

(Also reported in 451 N.W.2d 470.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Terry P. Race* of *Olm & Race* of Whitewater.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Thomas J. Balistreri,* assistant attorney general.

Before Brown, P.J., Scott and Nettesheim, JJ.

BROWN, P.J. Robert A. Loomer appeals from judgments convicting him of causing injury by intoxicated use of a motor vehicle, sec. 940.25, Stats. Loomer argues, first, that the trial court unconstitutionally instructed the jury that he bore the burden of proving by a preponderance of the evidence his affirmative defense of intervening cause; second, that the prosecutor's closing argument to the jury misstated the instructions as to burden and, in any event, that prosecutors should not

discuss burdens in their closing arguments; and, third, that the court erred in denying his request for an instruction on the lesser included offense of operating a motor vehicle while intoxicated. We reject his arguments and affirm.

Loomer was charged with several counts of causing injury by intoxicated use of a motor vehicle after he was involved in an accident while driving with a blood alcohol concentration of .354% by weight. At trial, Loomer defended on the grounds that the accident would have occurred even had he been sober, a statutory defense codified in sec. 940.25(2), Stats. Over Loomer's objection, the trial court instructed the jury that Loomer bore the burden of proving his affirmative defense by the greater weight of the credible evidence. Further, the court denied Loomer's request for an instruction on the lesser included offense of operating a motor vehicle while intoxicated on the grounds that, as Loomer had never been convicted of drunk driving, his act of doing so in this instance was a civil wrong and not a crime.

Loomer first argues that the trial court unconstitutionally placed upon him the burden of persuasion when the jury was instructed that "the defendant bears the burden of proof that the great bodily harm would have resulted even had he not been intoxicated." Relying on *State v. Schulz,* 102 Wis. 2d 423, 307 N.W.2d 151 (1981), Loomer asserts that the due process rights guaranteed him by the United States Constitution permit defendants to be assigned only a burden of production and that a burden of persuasion cannot be placed upon the defendant without violating his right to due process of law. *Id.* at 430, 307 N.W.2d at 156. *Schulz* does not apply.

A criminal charge pursuant to sec. 940.25, Stats., requires the state to prove that a defendant caused injury

by operation of a vehicle while under the influence of an intoxicant. *See State v. Caibaiosai,* 122 Wis. 2d 587, 593, 363 N.W.2d 574, 577 (1985). A causal connection between intoxication and injury is not an element of the crime. *Id.* at 594, 363 N.W.2d at 577.

Section 940.25(2), Stats., provides a statutory defense to the crime of injury by intoxicated use of a motor vehicle. That section states: "The actor has a defense if it appears by a preponderance of the evidence that the great bodily harm would have occurred even if the actor had not been under the influence of an intoxicant or did not have a blood alcohol concentration [of 0.1% or more by weight of alcohol in the blood or 0.1% grams or more of alcohol in 210 liters of breath]." *Id.*

The statutory defense of sec. 940.25(2), Stats., is an affirmative defense. *See Caibaiosai,* 122 Wis. 2d at 596, 363 N.W.2d at 578. An affirmative defense is one that "does not serve to negative any facts of the crime which the state is to prove in order to convict." *Schulz,* 102 Wis. 2d at 429, 307 N.W.2d at 155. The defense contained in sec. 940.25(2) does not dispute the elements that the state must prove. However, it provides a defense for the situation where there is a claimed intervening cause between the intoxicated operation and the injury. *Caibaiosai,* 122 Wis. 2d at 596, 363 N.W.2d at 578. This is a separate issue from those elements that the state must prove and is therefore an affirmative defense. *See State v. Saternus,* 127 Wis. 2d 460, 480, 381 N.W.2d 290, 299 (1986).

In *Schulz,* the court held it constitutional error to place the burden of persuasion upon a defendant asserting a negative defense. *Schulz,* 102 Wis. 2d at 429–30, 307 N.W.2d at 156. A negative defense is one that negates a fact that the state must prove. *Id.* Loomer here

asserted an affirmative defense; thus, the holding of *Schulz* is inapposite.

A state may constitutionally place a burden of proof upon a defendant with respect to a question of fact so long as the defense is affirmative and does not attack an element of the crime. *Id.* at 429, 307 N.W.2d at 155. Therefore, there was no constitutional error in assigning that burden to Loomer with respect to his affirmative defense of intervening cause and no constitutional error in so instructing the jury.

Loomer has not argued that there was error in assigning him the burden of persuasion on his affirmative defense as a matter of state law. *See Moes v. State,* 91 Wis. 2d 756, 768, 284 N.W.2d 66, 71 (1979). We therefore do not address the issue.[1]

---

[1]Although Loomer has not argued that Wisconsin law allows him to be assigned only a burden of production as to his affirmative defense, we note that this court has previously stated: "To escape liability on the intoxication charges, a defendant bears the burden of proving that the death or injury would have resulted even had he not been intoxicated." *State v. Wolske,* 143 Wis. 2d 175, 185, 420 N.W.2d 60, 63 (Ct. App. 1988), *cert. denied,* 109 S. Ct. 795 (1989). Further, the criminal jury instruction committee's analysis of the law is that Wisconsin places the burden of proving intervening cause upon the defendant. *See* Wis J I—Criminal 1262, n. 12; *see also* Wis J I—Criminal 1263, n. 10. The committee's analysis is persuasive authority. *State v. Gavigan,* 122 Wis. 2d 389, 393, 362 N.W.2d 162, 164 (Ct. App. 1984). Such an assignment of the burden furthers the legislative purpose of making it easier for the state to convict a defendant for drinking and driving. *See State v. Bohacheff,* 114 Wis. 2d 402, 414, 338 N.W.2d 466, 472 (1983).

██

Loomer next argues that the prosecutor misled the jury in his description of which party had what burden. The court held that the prosecutor had handled the burdens appropriately. We have no record of the prosecutor's closing argument in this case and we are therefore unable to review the propriety of his assertions. *In re Ryde,* 76 Wis. 2d 558, 563, 251 N.W.2d 791, 793 (1977).

██

Loomer also argues that the prosecutor simply should not be permitted to discuss the two burdens at issue here. He cites no authority for this position and we know of none. Generally, in closing argument, counsel may discuss legal principles presented in the judge's instructions. *See State v. Lenarchik,* 74 Wis. 2d 425, 459, 247 N.W.2d 80, 98 (1976).

██

Finally, Loomer argues that he was entitled to an instruction on the lesser included offense of operating a motor vehicle while intoxicated. The trial court refused the instruction on the grounds that Loomer had never been convicted of drunk driving and therefore his intoxicated driving on the instant occasion was not a criminal act. *See State v. Albright,* 98 Wis. 2d 663, 673, 298 N.W.2d 196, 202 (Ct. App. 1980). We do not reach the merits of the court's ruling. An appellate court may sustain a lower court's holding on a theory or on reasoning not presented to the lower court and we do so here. *See State v. Holt,* 128 Wis. 2d 110, 125, 382 N.W.2d 679, 687 (Ct. App. 1985).

Section 939.66, Stats., defines an included crime. Section 939.66(1) states:

> Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included

crime, but not both. An included crime may be any of the following:

**(1)** A crime which does not require proof of any fact in addition to those which must be proved for the crime charged.[2]

The criteria for submission of a lesser included offense under sec. 939.66(1), Stats., has often been stated by Wisconsin courts. *State v. Monsoor,* 56 Wis. 2d 689, 695, 203 N.W.2d 20, 23 (1973). The determination of whether an instruction on a lesser included crime should be given to a jury is not solved by merely determining that the crime charged includes the lesser offense. *Id.* Lesser included crime instructions should be given only "[i]f the evidence in one reasonable view would suffice to

[2]Subsections 939.66(2) through (6), Stats., also define included crimes as:

**(2)** A crime which is a less serious type of criminal homicide than the one charged.

**(2m)** A crime which is a less serious type of battery than the one charged.

**(2r)** A crime which is a less serious type of violation under s. 943.23 than the one charged.

**(3)** A crime which is the same as the crime charged except that it requires recklessness or negligence while the crime charged requires a criminal intent.

**(4)** An attempt in violation of s. 939.32 to commit the crime charged.

**(4m)** A crime of failure to timely pay child support under s. 948.22(3) when the crime charged is failure to pay child support for more than 120 days under s. 948.22(2).

**(5)** The crime of attempted battery when the crime charged is rape, robbery, mayhem or aggravated battery or an attempt to commit any of them.

**(6)** The crime specified in s. 940.285 when the crime charged is specified in s. 940.19(1m), (2) or (3), 940.225(1), (2) or (3) or 940.30.

These are inapplicable to Loomer, who was not charged with the offenses they describe.

prove the guilt of the higher degree of crime beyond a reasonable doubt and if under a different but reasonable view the evidence would be sufficient to prove the guilt of the lesser offense beyond a reasonable doubt *and also leave a reasonable doubt as to some element included in the higher degree.*" *Holmes v. State,* 63 Wis. 2d 389, 400, 217 N.W.2d 657, 663 (1974) (emphasis added).[3]

In the instant case, Loomer admits that he has never disputed the elements of injury by intoxicated use of a motor vehicle. Instead, Loomer sought to prove an intervening cause. Therefore, lesser included offense instructions were not warranted, as no doubts as to elements of the charged offenses were raised by the evidence.

Our supreme court considered a similar situation in *Monsoor.* There, defendant, charged with selling marijuana, mounted an entrapment defense and also sought an instruction on the lesser included charge of possession. *Monsoor,* 56 Wis. 2d at 695–96, 203 N.W.2d at 23. The court upheld refusal of the instruction because the entrapment defense admits the acts charged; therefore, no doubts were raised as to any of the elements of the charged offense. The court held that if the jury believed entrapment had occurred it was obligated to acquit, not convict of a lesser crime. *Id.* at 697, 203 N.W.2d at 24.

---

[3]The rule stated does not apply to all offenses falling within the ambit of subsecs. 939.66(2) through (5), Stats. *See Harris v. State,* 68 Wis. 2d 436, 441, 228 N.W.2d 645, 647 (1975) (holding that under sec. 939.66(2), it is irrelevant to the determination of whether to give a lesser included instruction that a less serious type of homicide requires proof of an additional fact not required to be shown for the more serious type).

We think the same rule applies where "intervening cause" is the sole defense to injury by intoxicated use of a motor vehicle. Both entrapment and intervening cause are affirmative defenses. *See Saternus,* 127 Wis. 2d at 480, 381 N.W.2d at 299. Both admit the elements of the charged offense. When one of these is the sole defense relied on in any particular case, a lesser included offense instruction cannot be had.

*By the Court.*—Judgments affirmed.