STATE of Wisconsin, Plaintiff-Respondent,

v.

Timmy A. TURK, Defendant-Appellant.

Court of Appeals

*No. 89-0886-CR. Submitted on briefs October 12,
1989.—Decided January 4, 1990.*

(Also reported in 453 N.W.2d 163.)

For the plaintiff-respondent the cause was submitted on the briefs of *James H. Connors,* of Madison.

For the defendant-appellant the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Paul Lundsten,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J.   Timmy Turk appeals from a judgment of conviction for causing great bodily harm to another human being by the operation of a motor vehicle

while under the influence of an intoxicant, sec. 940.25(1)(a), Stats. The issue is whether the trial court should have admitted expert testimony regarding the victims' failures to wear seat belts. Section 940.25(2) provides in part: "The actor has a defense if it appears by a preponderance of the evidence that the great bodily harm would have occurred even if the actor had not been under the influence of an intoxicant." The trial court held that the testimony was irrelevant to the defense codified in sec. 940.25(2). We agree and affirm.

Turk's car was equipped with seat belts. He had three passengers, none of whom wore a belt. His car entered a curve, left the road, and hit a utility pole. As a result of the collision, one passenger suffered a broken neck, the second sustained severe brain damage and facial fractures, and the third had minor injuries. The trial court refused to hear expert testimony that the injuries to the first two passengers would not have occurred had they worn seat belts.

Turk argues that the trial court erroneously construed sec. 940.25(2), Stats. An evidentiary ruling based on an error of law is an abuse of discretion. *State v. City of La Crosse,* 120 Wis. 2d 263, 268, 354 N.W.2d 738, 740 (Ct. App. 1984). According to Turk, the trial court assumed that to establish a defense under sec. 940.25(2), a defendant must show that the "accident" would have happened even if the defendant had not been intoxicated. Turk misreads the record. While at one point the court used the word "accident," the court said that the question was: "Would the injury still have happened anyway?"

We cannot fault the trial court's construction of sec. 940.25(2), Stats., since it was based upon *State v. Caibaiosai,* 122 Wis. 2d 587, 363 N.W.2d 574 (1985), *habeas corpus dismissed sub nom. Caibaiosai v. Barring-*

*ton,* 643 F. Supp. 1007 (W.D. Wis. 1986). *Caibaiosai* dealt with sec. 940.09(2), which provides an affirmative defense almost identical to that in sec. 940.25(2) for a defendant charged with causing the death of another through the operation of a motor vehicle while under the influence of an intoxicant. The *Caibaiosai* court ruled that the defense exists if an intervening cause occurs between the intoxicated operation of the automobile and the death. 122 Wis. 2d at 596, 363 N.W.2d at 578. In *State v. Loomer,* 153 Wis. 2d 645, at 650, 451 N.W.2d 470 ,472 (Ct. App. 1989), we said that sec. 940.25(2) also "provides a defense for the situation where there is a claimed intervening cause between the intoxicated operation and the injury," citing *Caibaiosai.*

We reject Turk's contention that his passengers' failure to wear seat belts intervened between his intoxicated operation of his car and their injuries. We adopt the reasoning in *State v. Nester,* 336 S.E.2d 187, 189 (W. Va. 1985):

> The appellant also contends that the victim's failure to wear his seatbelt was an independent, intervening cause of the victim's death. This contention seriously distorts the definition of an intervening cause. An intervening cause is a new and independent force which breaks the causal connection between the original act or omission and the injury, and itself becomes the direct and immediate cause of the injury. [Citation omitted.] The fact that the victim did not take precautionary steps which may have prevented his eventual demise is not an intervening cause.[2]

---

[2] To say otherwise could absolve a murderer if it could be shown the victim was not wearing a bullet-proof vest.

The trial court properly excluded the proposed expert testimony.

*By the Court.*—Judgment affirmed.