STATE of Iowa, Appellee,

v.

Patsy Jean HUBKA, Appellant.

No. 90–1309.

Supreme Court of Iowa.

Feb. 19, 1992.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds Lapointe, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., and James M. Drew, County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Defendant Patsy Jean Hubka appeals her conviction, following a jury trial, of two counts of vehicular homicide. *See* Iowa Code § 707.6A(1)(a) (1989). On this appeal, she challenges certain evidentiary rulings made by the district court. We affirm.

I. *Background facts and proceedings.* From the evidence presented at trial, a jury could have found the following facts. In the early evening hours of December 22, 1989, Hubka was driving her car south on Highway 65. A few miles north of Hampton, her car crossed the center line and entered the northbound lane. She collided with a northbound vehicle driven by William Knipfel. Two children in Knipfel's car were killed in the crash.

Roughly three hours after the accident, police authorities drew a sample of Hubka's blood and tested it for alcohol content. The test revealed a blood alcohol content at that time of .054 grams of alcohol per 100 milliliters of blood.

Hubka was charged with two counts of homicide by vehicle. *See* Iowa Code § 707.6A(1)(a). Prior to trial, the district court granted the State's motion in limine, Iowa Rule of Criminal Procedure 10(2)(g), and excluded Hubka's proposed evidence that the two child victims were not restrained by seat belts or other restraints at the time of the car crash. *See* Iowa Code §§ 321.445(2), 321.446. The court also overruled in part Hubka's motion in limine and trial objection and refused to exclude evidence

about Hubka's blood alcohol content. *See* Iowa Code § 321J.2(9).

A jury thereafter found Hubka guilty of two counts of vehicular homicide. *See* Iowa Code § 707.6A(1)(a). The district court sentenced Hubka to a term of incarceration not to exceed five years on each count,[1] the terms to run concurrently. *See* Iowa Code §§ 902.3, 902.9(4). Hubka was also ordered to make restitution. *See* Iowa Code ch. 910.

Hubka has appealed from her convictions and sentence. She challenges the district court's decisions granting the State's motion in limine and overruling in part her motion in limine. We now consider the issues raised.

II. *Evidence that children were not restrained.* A trial court's rulings on the admissibility of evidence are discretionary. *See, e.g., State v. Alvey,* 458 N.W.2d 850, 852 (Iowa 1990). We will reverse an evidentiary ruling only when a trial court is shown to have abused its discretion in balancing the probative force of the challenged evidence against the danger of undue prejudice or influence. *Id.*

As stated above, the district court granted the State's pretrial motion in limine and excluded Hubka's proposed evidence that the two child victims were not wearing seat belts or other restraints at the time of the collision. *See* Iowa Code §§ 321.445(2), 321.446. Hubka contends that the district court erred in its ruling. She also believes that evidence that the children were not wearing seat belts or other restraints is relevant to the issue of whether her conduct was a proximate cause of their deaths.

A. As an initial matter, we note that the State's motion in limine ordinarily does not preserve for our review Hubka's claim that the jury should have been allowed to consider evidence of the failure of the children to wear seat belts or other restraints. *See State v. Mark,* 286 N.W.2d

---

1. At the time of Hubka's conviction, vehicular homicide was a class "D" felony punishable by a term of incarceration not to exceed five years. *See* Iowa Code §§ 707.6A(1)(a); 902.9(4) (1989). In 1990, the legislature amended this statute to make vehicular homicide a class "C" felony punishable by a term of incarceration not to exceed ten years. *See* 1990 Iowa Acts ch. 1251, § 55 (codified at Iowa Code § 707.6A(1)(a) (1991)); Iowa Code § 902.9(3).

396, 410 (Iowa 1979); *Yeager v. Durflinger*, 280 N.W.2d 1, 5 (Iowa 1979). This is because review of questions raised by a motion in limine generally is predicated on the record made during trial. *State v. Judkins*, 242 N.W.2d 266, 269 (Iowa 1976).

The State's motion in limine merely sought to preclude Hubka from presenting evidence at trial that the children were not wearing seat belts or other restraints at the time of the collision. At trial, however, Hubka's counsel made an offer of proof, outside the presence of the jury, that one of the state troopers who investigated the accident would testify that, in his opinion, the youngest child would have survived the accident if she had been wearing a seat belt or other restraint at the time of the accident. This offer of proof necessarily preserved for our review *two* evidentiary issues: (1) whether the trial court erred in excluding the state trooper's opinion testimony; and of course (2) whether the trial court erred in granting the State's limine motion and in excluding evidence of the failure of the children to wear seat belts or other restraints.

■ B. As to the latter evidentiary issue, we conclude that Hubka is not entitled to relief because she was in no way prejudiced by the district court's limine ruling. More specifically, despite the court's ruling, Hubka's trial counsel presented to the jury, without objection by the State, evidence that the children were not wearing seat belts or other restraints at the time of the collision. While cross-examining the State's witness Knipfel, Hubka's counsel asked Knipfel whether the children were wearing seat belts or restraints, to which he replied that they were not. Because this evidence was presented to the jury despite the district court's limine ruling, Hubka cannot now validly claim prejudice as a result of that ruling.

■ C. Hubka's other evidentiary issue is whether the district court erred in precluding the state trooper's opinion testimony that one of the children would have survived the accident if she had been wearing a seat belt or other restraint. More specifically, Hubka asserts that the district

court should have left to the jury's determination the question of whether the failure of the children to wear seat belts or other restraints was a superseding cause of their deaths, thereby precluding the imposition of criminal liability upon Hubka. We disagree.

■ It is well-established that the definition of "proximate cause" in criminal cases is identical to its definition in civil cases. *State v. Caldwell*, 385 N.W.2d 553, 556 (Iowa 1986); *State v. McFadden*, 320 N.W.2d 608, 613 (Iowa 1982); *State v. Marti*, 290 N.W.2d 570, 584–86 (Iowa 1980); *State v. Wullner*, 401 N.W.2d 214, 219 (Iowa App.1986). The general rule is that a defendant's conduct is the proximate cause of injury or death to another if (1) her conduct is a "substantial factor" in bringing about the harm and (2) there is no other rule of law relieving the defendant of liability because of the manner in which her conduct resulted in the harm. *Kelly v. Sinclair Oil Corp.*, 476 N.W.2d 341, 349 (Iowa 1991).

■ When conduct or forces occur after a defendant's conduct, the defendant may be relieved of criminal responsibility if a court finds that the intervening events are such as to break the chain of causal connection between the defendant's conduct and the victim's death. *Id.*; 40 Am.Jur.2d *Homicide* § 17, at 307–08 (1968). However, a defendant cannot escape criminal responsibility for homicide merely because factors other than his acts contributed to the death, provided such other factors are not the sole proximate cause of death. *Accord McFadden*, 320 N.W.2d at 611 (fact that deceased motorist voluntarily participated in drag race did not of itself bar defendant, the other racer, from being convicted for involuntary manslaughter for the motorist's death); *State v. Shimon*, 182 N.W.2d 113, 115–16 (Iowa 1970) (same). *See generally* 40 Am.Jur.2d *Homicide* §§ 13, 15, at 304–07 (1968). Indeed, we have specifically stated that the alleged contributory negligence of a homicide victim may not be used as a defense in a subsequent homicide prosecution. *State v.*

*Williams,* 238 Iowa 838, 843, 28 N.W.2d 514, 518 (1947).

Based upon the foregoing principles, we conclude that Hubka cannot be relieved of criminal responsibility due to the mere fact that the children were not wearing seat belts or other restraints at the time of the collision. More specifically, the failure of the children to wear seat belts or other restraints was not a "superseding cause" of their deaths so as to preclude the imposition of criminal responsibility upon Hubka. Even assuming the lack of seat belts or other restraints was *a* proximate cause of the victims' deaths, i.e., that this was a "substantial factor" contributing to their deaths, it certainly was not the *sole* proximate cause thereof. There is substantial evidence in the record to support a reasonable juror's conclusion that the collision with Hubka's vehicle also was a "substantial factor" causing the children's deaths. However, the mere fact that this may not have been the *sole* proximate cause of their deaths is not sufficient to relieve Hubka of criminal responsibility. *Accord Meyer v. City of Des Moines,* 475 N.W.2d 181, 186 (Iowa 1991) (evidence of nonuse of helmet or seat belt has no relevancy to issue of civil liability); Iowa Code § 321.445(4)(b) (failure to wear seat belt shall not be considered evidence of comparative fault under section 668.3(1)); Iowa Code § 321.446(6) (failure to use a child restraint system does not constitute negligence nor is the failure admissible as evidence in civil action).

Our conclusion is supported by numerous cases from other jurisdictions holding that the failure of a victim to wear a seat belt or other restraint is not so substantial an act as to constitute a superseding cause which absolves a defendant of criminal responsibility for negligent or vehicular homicide. *See, e.g., Panther v. State,* 780 P.2d 386 (Alaska 1989) (trial court did not err in refusing to instruct that victim's failure to use seat belt could be considered in determining whether defendant's conduct was a proximate cause of victim's death); *Frazier v. State,* 559 So.2d 1121 (Fla.1990), *cert. den.,* — U.S. —, 111 S.Ct. 102, 112 L.Ed.2d 73 (victim's failure to wear seat belt was not a defense to driving under influence manslaughter); *Everett v. State,* 435 So.2d 955 (Fla.App.1983) (no reasonable juror could conclude that victim's negligence was sole proximate cause of accident given fact that defendant had been drinking and smoking marijuana while driving car); *People v. Clark,* 171 Mich.App. 656, 431 N.W.2d 88 (1988) (trial court did not abuse its discretion in ruling that evidence of victim's failure to wear seat belt was inadmissible; defendant takes his victim as he finds him); *People v. Richardson,* 170 Mich.App. 470, 428 N.W.2d 698 (1988) (trial court properly granted State's motion in limine excluding evidence of victim's failure to wear safety belt); *State v. Myers,* 88 N.M. 16, 536 P.2d 280 (1975) (contributory negligence not a factor in determining proximate cause in prosecution for vehicular homicide as a result of death of passenger who was not wearing seat belt at time of accident); *State v. Dodge,* 152 Vt. 503, 567 A.2d 1143 (1989) (victim's failure to wear seat belt, though arguably a proximate cause of his death, was not an intervening cause); *State v. Nester,* 175 W.Va. 539, 336 S.E.2d 187 (1985) (fact that victim did not wear his seat belt was not intervening cause such as would break causal connection between defendant's act of driving while intoxicated and victim's injury); *State v. Turk,* 154 Wis.2d 294, 453 N.W.2d 163 (1990) (failure of passengers to wear seat belts did not intervene between defendant's intoxicated operation of his car and their injuries).

D. In sum, we conclude that Hubka was not prejudiced by the district court's decision to exclude evidence that the children were not wearing seat belts or other restraints at the time of the collision. We also conclude that the court did not abuse its discretion in excluding opinion testimony that one of the children would have lived had she been wearing a seat belt or other restraint. Given that a reasonable juror could conclude that Hubka's conduct was a substantial factor causing the death of the children, the fact that the children were not wearing seat belts or other re-

straints simply was not relevant. *See* Iowa R.Evid. 402.

Accordingly, we affirm the decisions of the district court excluding Hubka's proposed evidence.

■ III. *Evidence of Hubka's blood alcohol content.* On this appeal, Hubka contends that the district court erred in overruling in part her motion in limine and trial objection and allowing into evidence the results of her blood test, taken roughly three hours after the collision, which revealed that her blood alcohol content at that time was .054 grams of alcohol per 100 milliliters of blood. Hubka also argues that the district court erred in allowing into evidence expert testimony that, based upon the blood test results, the time between the collision and the test, and Hubka's physical characteristics, her blood alcohol content was approximately .114 at the time of the accident. Hubka believes her arguments are supported by Iowa Code section 321J.2(9), which provides that if a blood test reveals a blood alcohol content of less than .10, the test results may not be used in a prosecution for operating a motor vehicle while under the influence of drugs or alcohol. *See* Iowa Code § 321J.2(1). Because this claim raises an issue of statutory construction, our review is for errors of law. *State v. Davis*, 271 N.W.2d 693, 695 (Iowa 1978).

A. As stated above, Hubka bases her arguments upon Iowa Code section 321J.2(9), which provides as follows:

In any prosecution *under this section,* the results of a chemical test may not be used to prove a violation of paragraph *"b"* of subsection 1 if the alcohol concentration indicated by the chemical test minus the established margin of error inherent in the device or method used to conduct the chemical test does not equal an alcohol concentration of .10 or more.

(Emphasis supplied.) By its own terms, section 321J.2(9) applies only to prosecutions under Iowa Code section 321J.2(1)(b), which provides that a person commits the offense of operating while intoxicated (OWI) if the person operates a motor vehicle while having an alcohol concentration

of .10 or more. The limitation provided by section 321J.2(9) therefore does not apply in a prosecution for vehicular homicide pursuant to Iowa Code section 707.6A(1)(a).

B. However, our court of appeals has held that the offense of OWI, Iowa Code section 321J.2(1), is a lesser-included offense of vehicular homicide, Iowa Code section 707.6A(1)(a). *State v. Pettyjohn*, 436 N.W.2d 65, 68 (Iowa App.1989). The district court instructed Hubka's criminal trial jury on both offenses. Hubka implies that because the instructions would have allowed her to be convicted of the lesser-included offense of OWI, and because of the limitation on the use of blood alcohol test results provided by section 321J.2(9), the district court erred in allowing into evidence the results of her blood alcohol content.

Iowa Code section 707.6A(1)(a) provides, in part, as follows:

A person commits [vehicular homicide] when the person unintentionally causes the death of another by ...

a. Operating a motor vehicle while under the influence of alcohol or a drug or a combination of such substances *or* while having an alcohol concentration of .10 or more, in violation of section 321J.2.

(Emphasis supplied.) Iowa Code section 321J.2(1) provides as follows:

A person commits the offense of operating while intoxicated if the person operates a motor vehicle in this state in *either* of the following conditions:

a. While under the influence of an alcoholic beverage or other drug or a combination of such substances.

b. While having an alcohol concentration as defined in section 321J.1 of .10 or more.

(Emphasis supplied.)

Based upon the language of section 707.-6A(1)(a), a person may be convicted of vehicular homicide if she unintentionally causes the death of another by operating a motor vehicle *either* while "under the influence" of alcohol *or* while having a blood alcohol content of .10 or more. Similarly, based upon the language of section 321J.1,

a person may be convicted of OWI if she operates a motor vehicle *either* while "under the influence" of alcohol *or* while having a blood alcohol content of .10 or more. However, the limitation provided by section 321J.2(9) upon the use of blood alcohol test results applies *only* to prosecutions for OWI based upon the operation of a motor vehicle while having a blood alcohol content of .10 or more. By negative implication, the limitation does *not* apply to prosecutions for OWI based upon the operation of a motor vehicle "while under the influence."

In this case, the district court instructed Hubka's criminal trial jury only as to the "under the influence" alternative of both vehicular homicide and OWI. Because the limitation provided by section 321J.2(9) does not apply to this alternative, the State was free to present evidence of Hubka's blood alcohol content, despite the fact that the test results indicated an alcohol content of only .054.[2] This evidence, along with expert testimony that Hubka's blood alcohol content at the time of the collision was approximately .114 and that most people start showing measurable effects of alcohol at alcohol concentrations of .04 to .05, was relevant to the determination of whether Hubka was operating her car "while under the influence" of alcohol at the time of the accident.

Accordingly, we affirm the district court's order overruling in part Hubka's motion in limine and trial objection and in refusing to exclude the evidence of Hubka's blood alcohol content.

IV. *Disposition.* In sum, we affirm the district court's ruling granting the State's motion in limine and excluding evidence that the child victims were not wearing seat belts or other restraints at the time of the collision. We also affirm the court's ruling excluding opinion testimony that one of the children would have survived the collision had she been wearing a seat belt or other restraint. Finally, we

affirm the court's decision overruling in part Hubka's motion in limine and trial objection and allowing the State to present evidence of Hubka's blood alcohol content.

AFFIRMED.

---

**2.** Although not addressed by the parties on this appeal, presumably the State was free to present such evidence to prove that Hubka was operating a motor vehicle "while under the influence,"

despite the fact that the blood test was taken three hours after operation of a motor vehicle. *See* Iowa Code § 321J.18.