KESSLER, P.J.
¶1 Pierre Deshawn Johnson appeals the judgment of conviction, entered upon guilty pleas, of one count of knowingly operating a motor vehicle with a suspended license, causing great bodily harm, and one count of injury by operation of a motor vehicle while under the influence of a controlled substance. Johnson also appeals the order denying his postconviction motion for sentence modification. We affirm.
BACKGROUND
¶2 On May 26, 2016, Johnson was charged with one count of second-degree reckless injury, one count of knowingly operating a motor vehicle with a suspended license, causing great bodily harm, and one count of injury by operation of a motor vehicle while under the influence of a restricted controlled substance. According to the charging documents, on February 13, 2016, Milwaukee police were patrolling an area in downtown Milwaukee when they observed a vehicle with an excessive window tint. The officers began driving behind the vehicle and the vehicle began traveling at an excessive rate of speed, increasing the distance between itself and police. Ultimately, the vehicle ran through a stop sign, striking a Cadillac Escalade with two passengers. When the officers arrived at the scene, shortly following the crash, the driver of the Escalade asked the officers to check on his girlfriend, R.M., who was no longer in the passenger seat. Officers found R.M. lying in the road. R.M. was unresponsive, but breathing. R.M. was transported to an area hospital, where it was determined that she sustained severe injuries, including permanent brain trauma, as a result of the crash. At the scene of the crash, the officers also approached the vehicle responsible for the crash and observed Johnson in the driver's seat. Officers also observed a large clear glass jar containing a green leafy plant-like substance. Johnson ultimately admitted to officers that he smoked marijuana prior to driving. The complaint also states that Department of Transportation records indicate that Johnson's driver's license was suspended at the time of the accident.
¶3 The State and Johnson entered a plea agreement, wherein the State would dismiss the second-degree reckless injury charge in exchange for Johnson's guilty plea to the other two charges. The State would also recommend a global sentence of five years of initial confinement and five years of extended supervision.
¶4 At the sentencing hearing, the State made the agreed-upon recommendation; however, the circuit court sentenced Johnson to six years of initial confinement and five years of extended supervision. The court discussed the seriousness of the offense, noting that R.M. was ejected from the Escalade after Johnson ran a stop sign and struck the car while driving at over sixty miles per hour. The court also discussed Johnson's character and the need to protect the public.
¶5 Johnson filed a postconviction motion, alleging that a new factor warranted sentence modification. Specifically, Johnson alleged that R.M. was not wearing a seatbelt and that R.M.'s failure to wear a seatbelt was a "significant intervening factor" which diminished his culpability and warranted a reduced sentence. The State disagreed, prompting Johnson to argue in his reply brief that the State's support of the circuit court's sentence constituted a breach of the plea agreement because the court's sentence was longer than what the State agreed to recommend.
¶6 The postconviction court denied the motion. Relying on our decision in State v. Turk , 154 Wis. 2d 294, 453 N.W.2d 163 (Ct. App. 1990), the court found that "[t]he fact that the victim was not wearing a seatbelt does not render the defendant's criminally reckless behavior less serious and does not entitle him to some type of credit for having the fortune to find a victim who was more vulnerable so he could receive a lesser sentence." This appeal follows.
DISCUSSION
¶7 On appeal, Johnson reiterates the argument from his postconviction motion and continues to contend that the State breached its plea agreement by supporting the circuit court's sentence in its response to Johnson's postconviction motion. We disagree.
New Factor
¶8 Defendants may seek sentence modification upon the showing of a "new factor." See State v. Harbor , 2011 WI 28, ¶¶35, 57, 333 Wis. 2d 53, 797 N.W.2d 828. A new factor is
"a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties."
Id. , ¶40 (quoting Rosado v. State , 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975) ). "[A] motion for sentence modification based on a new factor [requires] a two-step inquiry." Id. , ¶36. First, it is the defendant's "burden to demonstrate by clear and convincing evidence the existence of a new factor." Id. "Whether the fact or set of facts put forth by the defendant constitutes a 'new factor' is a question of law." Id. Second, if the defendant establishes the existence of a new factor, the circuit court exercises discretion to determine whether sentence modification is justified. See id. , ¶37.
¶9 We agree with the circuit court that the rationale of Turk is applicable here. In Turk , the intoxicated defendant drove a car with three passengers into a utility pole, causing injuries to the passengers. Id. , 154 Wis. 2d at 295. The circuit court excluded expert testimony that the passengers would have sustained injuries regardless of whether the defendant was intoxicated because the passengers were not wearing seatbelts. Id. We upheld the circuit court's decision, concluding that the passengers' failure to wear seatbelts was not a "new and independent force" breaking "the causal connection between the original act ... and the injury, and itself becomes the direct and immediate cause of the injury." See id. at 296 (citation omitted).
¶10 Here, R.M.'s failure to wear a seatbelt was not a "new and independent" force breaking the causal connection between Johnson's driving and R.M.'s injury. As the postconviction court noted, Johnson's culpability remains unchanged regardless of whether R.M. took precautionary measures. Johnson chose to smoke marijuana before operating a motor vehicle. Johnson chose to evade police and began speeding. Johnson chose to run a stop sign at an excessive rate of speed, causing him to strike another vehicle. Even if R.M. had been wearing a seatbelt, Johnson still made a series of poor decisions which ultimately caused R.M.'s injuries. Indeed, the circuit court sentenced Johnson based primarily on its determinations that Johnson has a history of poor decision-making, Johnson's age and education suggest that he should have known better, and the public should be protected from Johnson. The postconviction court did not erroneously exercise its discretion in denying Johnson's motion for sentence modification.
Breach of the Plea Agreement
¶11 A defendant has a constitutional right to enforce a negotiated plea agreement. State v. Smith , 207 Wis. 2d 258, 271, 558 N.W.2d 379 (1997). "[O]nce the defendant has given up his [or her] bargaining chip by pleading guilty, due process requires that the defendant's expectations be fulfilled." Id. (citation omitted). A plea agreement is breached when the prosecutor does not make the negotiated sentencing recommendation. Id. at 272. To be actionable, however, a breach must not be merely technical but, rather, must deprive the defendant of a material and substantial benefit for which he or she bargained. State v. Bangert , 131 Wis. 2d 246, 290, 389 N.W.2d 12 (1986). If the breach is material and substantial, a defendant may be entitled to resentencing or plea withdrawal, as the sentencing court, in its discretion, deems appropriate. See State v. Howard , 2001 WI App 137, ¶¶36-37, 246 Wis. 2d 475, 630 N.W.2d 244. Whether the State breached the plea agreement and, if so, whether the breach was material and substantial are questions of law that we review de novo . See State v. Quarzenski , 2007 WI App 212, ¶19, 305 Wis. 2d 525, 739 N.W.2d 844.
¶12 Johnson contends that the State breached its plea agreement by arguing against sentence modification when opposing Johnson's postconviction motion. Johnson's argument, though novel, is meritless. The plea agreement applied to the prosecutor's recommendation alone. Cf. State v. Clement , 153 Wis. 2d 287, 301-02, 450 N.W.2d 789 (Ct. App. 1989). The State agreed to recommend five years' initial confinement and five years' extended supervision in exchange for Johnson's guilty pleas to two counts and the dismissal of another count. The record demonstrates that the State honored the agreement and each party received its respective benefit. Johnson has not demonstrated that the parties' plea agreement extended beyond the original sentencing hearing. See State v. Windom , 169 Wis. 2d 341, 350, 485 N.W.2d 832 (Ct. App. 1992) (where the State agreed not to make a sentencing recommendation at defendant's original sentencing hearing, but defendant's probation was revoked and the State made a recommendation at the resentencing hearing, we held that "[t]o treat the sentencing after probation revocation as an integral part of the original sentence would bind the State to that plea agreement ad infinitum in all subsequent sentence hearings arising out of the original crime") (italics added). Nothing in the plea agreement prohibited the State from later arguing against Johnson's postconviction motion for sentence modification.
¶13 Like in Windom , we conclude that "[t]o bind the State to the plea agreement in this manner would undermine the plea agreement process such that the State would be less inclined to offer charge reductions in exchange for pleas of guilty."See id .
¶14 For the forgoing reasons, we affirm.
By the Court. -Judgment and order affirmed.
Not recommended for publication in the official reports.