# IN THE COURT OF APPEALS OF IOWA

No. 18-2151
Filed November 27, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ROBERT EVAN BRUCE,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Fremont County, Mark J. Eveloff (pre-trial motions) and Kathleen A. Kilnoski (trial), Judges.

The defendant appeals the district court's ruling on the motion in limine following his conviction for causing serious injury by vehicle. **AFFIRMED.**

Amanda Heims, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., May, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BLANE, Senior Judge.**

On the night of Thanksgiving, November 23, 2017, four friends got together to "booze cruise" the country roads around Hamburg, Iowa. Robert Bruce drove his truck into a ditch at forty-five miles per hour, never applying the brakes, and struck a culvert. Samantha Johnson, the only person not wearing a seatbelt, suffered numerous severe injuries. Bruce was found to be intoxicated.

A jury convicted Bruce of causing serious injury by vehicle. Bruce now appeals the district court's ruling on the State's motion in limine excluding evidence regarding seatbelts. Finding the district court did not abuse its discretion, we affirm the ruling and conviction.

## I. Facts and background proceedings.

Bruce, Johnson, Megan Perkins, Daniel Whitehead, and Cody Warren met on the night of Thanksgiving 2017 in Hamburg to drink beer. They all piled into Bruce's truck and began driving around. At some point, they dropped Whitehead off at his home and headed back to Hamburg. Perkins was in the passenger seat with Johnson and Warren in the second row of seats in the back. Johnson sat roughly in the middle of the back.

Perkins was not drinking because she could not mix alcohol with a medication she was taking. But she could tell that Bruce was drunk. At one point Bruce fishtailed on a gravel road. Warren said to Bruce, "I know you like to drive like this when you drink but knock it off." Perkins "got uncomfortable" and "made them stop the truck." But soon Bruce drove off again. Shortly afterward, he drove the truck off the road into a ditch and hit a culvert. Bruce did not take his foot of the accelerator before or during the collision. He did not press the brake. They

were travelling an estimated forty-five miles per hour. The truck crashed and rolled onto its side.

Bruce, Perkins, and Warren were able to climb out of the wreckage, but Johnson was still in the truck, not making a sound. Perkins called 9-1-1, and Johnson was taken by helicopter to a hospital in Omaha. She had severe injuries, both physical and cognitive, and now requires extensive rehabilitation for everyday activities.[1] Bruce failed a roadside sobriety test and had a blood alcohol concentration of .095.

The State charged Bruce with operating while intoxicated and causing serious injury by vehicle. *See* Iowa Code §§ 321J.2, 707.6A(4) (2017). The State filed a motion in limine seeking to exclude any evidence regarding seatbelts. The district court granted the motion on seatbelt evidence. Bruce filed a motion to enlarge and amend, which the court denied. Then Bruce filed an interlocutory appeal to the supreme court, which was denied. A jury found Bruce guilty of causing serious injury by vehicle, a class "D" felony. Bruce appeals.

## II. Scope and standard of review.

We review the district court's decision to exclude evidence for an abuse of discretion. *State v. Heard*, 934 N.W.2d 433, 439 (Iowa 2019). We reverse only if the court "exercise[d] its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* (alteration in original) (quoting *State v.*

---

[1] Johnson had broken a collar bone, scapula, and three vertebrae. She had brain bleeds on the right and left sides, a diffused axonal injury, and a paralyzed vocal cord. After her release, she spent considerable time in a rehabilitation facility where she had to "relearn most everyday activities" including going to the bathroom, taking a shower, and eating. She also had substantial memory and language issues.

*Alberts*, 722 N.W.2d 402, 408 (Iowa 2006)). We reverse an evidentiary ruling only if the record shows prejudice to the complaining party. *See State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998).

### III. Analysis.

Bruce contends the district court abused its discretion in granting the State's motion in limine and excluding evidence Johnson was not wearing a seatbelt at the time of the collision. According to Bruce, Johnson's failure to wear a seatbelt was a factual cause of her injuries.

At trial, Bruce made an offer of proof calling Shannon Rubes as an expert. Rubes has a master's degree in nursing and a background in reviewing medical records. Bruce anticipated Rubes would testify that a passenger in a car who is wearing a seatbelt usually incurs less severe injuries. She would further testify Johnson's injuries were consistent with a person sitting in the middle seat without a seatbelt hitting her head on the front windshield, and those injuries are less likely if the passenger is wearing a seatbelt. Finally, Ms. Rubes would opine Johnson's injuries would not have happened if she had been belted in.

Bruce made other offers of proof with testimony from Johnson's doctor, Samuel Cemaj; her nurse, Kirsten Thatcher; and Perkins and with Johnson's medical records, which frequently noted she had not been wearing a seatbelt.

The State sought to exclude all evidence related to seatbelts arguing it was not relevant[2] whether Johnson was wearing a seatbelt. The State argued, under

---

[2] "Relevant evidence is admissible, unless provided otherwise." *Eisenhauer ex rel. T.D., v. Henry Cty. Health Ctr.*, ___ N.W.2d ___, ___, 2019 WL 5460622, at *10 (Iowa 2019) (citing Iowa R. Evid. 5.402). "Irrelevant evidence is not admissible." Iowa R. Evid. 5.402. "Evidence is relevant if it has any tendency to make a fact more or less probable than it

the "substantial factor" test from *State v. Hubka*, Bruce was a proximate cause of Johnson's injury. 480 N.W.2d 867, 869 (Iowa 1992). Bruce insisted the Iowa Supreme Court had abandoned the "substantial factor" test when it adopted the "but-for" test, as provided in the Restatement (Third) of Torts, in *State v. Tribble*, 790 N.W.2d 121, 127 (Iowa 2010). Under that test, when multiple acts occur, each of which alone would have been a cause of the injury, each act is a factual cause of the injury. *Id.* Bruce argued Johnson would not have been *seriously* injured if she had been wearing a seatbelt so the evidence was relevant and he should have been allowed to present it.

The district court did not directly answer the question of which test applied, saying instead

> Although the Court tends to agree with the defense's reasoning, the Court also notes that both parties agree that whichever standard is used, the finder of fact would have to determine that the act of Samantha Johnson not wearing her seatbelt was the sole proximate cause of her serious injury. This Court cannot conceive of any possible way that the finder of fact could determine that Ms. Johnson not wearing a seatbelt was the sole proximate cause of her serious injury. It is obvious to this Court that if the Defendant would not have driven the vehicle into a ditch and hit a culvert, Ms. Johnson would not have sustained a serious injury.

On appeal, Bruce renews his argument. He contends the question of causation in this case should have been submitted to the jury with evidence showing Johnson was not wearing her seatbelt and would not have been seriously injured had she worn one: "The State must prove that but-for Bruce's alleged intoxicated driving, Johnson would not have sustained serious bodily injury."

---

would be without the evidence; and the fact is of consequence in determining the action." *Eisenhauer*, ___ N.W.2d at ___, 2019 WL 5460622, at *10 (altered for readability).

To find Bruce guilty, the jury had to find 1) he was driving, 2) while he was either intoxicated or with an alcohol concentration above .08, and 3) his intoxicated driving caused serious injury to Johnson. The court instructed the jury Bruce's "intoxicated driving is a cause of serious injury to Samantha Johnson if the serious injury would not have happened except for Robert Bruce's intoxicated driving."[3]

In *Hubka*, our supreme court noted, "[T]he definition of 'proximate cause' in criminal cases is identical to its definition in civil cases." 480 N.W.2d at 869. A defendant's conduct is the proximate cause of the injury "if (1) her conduct is a 'substantial factor' in bringing about the harm and (2) there is no other rule of law relieving the defendant of liability." *Id.*

"When conduct or forces occur after a defendant's conduct, the defendant may be relieved of criminal responsibility if the court finds that the intervening events are such as to break the chain of causal connection." *Id.* In *Hubka*, where the defendant's impaired driving was a substantial factor in the deaths of two children, the court nevertheless said, "[A] defendant cannot escape criminal responsibility for homicide merely because factors other than his acts contributed to the death, provided such other factors are not the sole proximate cause of death." In fact, "the alleged contributory negligence of a homicide victim may not be used as a defense" against a homicide charge. *Id.*

Under the foregoing principles, the court rejected Hubka's attempts to introduce evidence that children in her car were not wearing seatbelts at the time of a collision that killed them. *Id.* at 870. The failure of the children to wear

---

[3] Bruce does not challenge the jury instructions; his appeal is limited to the court's ruling on the motion in limine.

seatbelts "was not a 'superseding cause' of their deaths so as to preclude the imposition of criminal responsibility upon Hubka." *Id.* The State did not need to show the collision was the *sole* proximate cause in their deaths. *Id.*

Bruce argues our supreme court subsequently adopted the but-for test in criminal cases. In *Tribble*, the supreme court held, "When causation . . . surface[s] as an issue in a criminal case, our law normally requires us to consider if the criminal act was a factual cause of the harm." 790 N.W.2d at 126–27. Conduct of a defendant is a factual cause of harm "when the harm would not have occurred absent the conduct." *Id.* at 127 (quoting Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 26, at 346 (2010)). When multiple causes are present, each act is a factual cause of the harm. *Id.* (citing Restatement § 27, at 376).[4] Bruce argues, under *Tribble*, he should have been allowed to present evidence that Johnson's failure to wear a seatbelt was one of the multiple factual causes of her "serious" harm.

---

[4] The court further explained:

> Prior to our adoption of the Restatement (Third) of Torts in *Thompson*, we employed the "substantial factor" test to permit the fact finder to decide the existence of factual cause when multiple causes were present that alone would have been sufficient to be a factual cause of the harm. *See, e.g.*, *Kelly v. Sinclair Oil Corp.*, 476 N.W.2d 341, 349 (Iowa 1991), *abrogated by Thompson* [*v. Kaczinski*], 774 N.W.2d [829,] 837 [(Iowa 2009)]. This test was a necessary supplement to the "but for" test because the "but for" test could be applied by the fact finder to absolve multiple actors of responsibility when their separate acts would have caused the harm on their own. *Thompson*, 774 N.W.2d at 837 n.3. Thus, we abandoned the "substantial factor" test as unnecessary and replaced it with a legal rule that simply declares multiple causes that alone would have been a factual cause under the "but for" test to be factual causes. We no longer apply a special multiple-cause test, but rely on a straightforward rule.

*Tribble*, 790 N.W.2d at 127, n.2.

But, like the district court, we find we do not need to address whether *Tribble* fully adopted the Restatement and abandoned *Hubka* in the context of criminal liability. We agree with the district court that under either test—the *Hubka* "substantial factor" test or the *Tribble* "but-for" test—Bruce was not prejudiced by exclusion of the seatbelt evidence. Bruce's driving his truck into a ditch certainly was at least a substantial factor in Johnson's injuries. His conduct was, therefore, a proximate cause of Johnson's harm under *Hubka*.

In addition, Bruce's conduct was a "but-for" cause of Johnson's injuries. Had Johnson been sitting in the backseat with no seatbelt and Bruce drove them safely back to Hamburg, Johnson would not have been injured. Bruce's conduct of driving the truck into a ditch while intoxicated is an act without which "the harm would not have occurred." *See Tribble*, 790 N.W.2d at 127.

To the extent Bruce argues the harm would not have been "serious" if Johnson had been wearing a seatbelt, we conclude the law only requires the defendant's act to cause the harm. Whether or not Johnson would have had a "serious" injury with the seatbelt on is irrelevant to Bruce's conduct. Bruce insists he is not invoking the concept of contributory negligence. But this misses the point: his conduct need only have been one factual cause of the harm, and the jury found it was. Offering evidence of Johnson's conduct could only serve to detract from his culpability for his own acts. In *Hubka*, this court stated "the alleged contributory negligence of a homicide victim may not be used as a defense." 480 N.W.2d at 869. Whether Johnson was wearing a seatbelt or not is irrelevant—it does not make it more or less probable that Bruce's conduct was a factual cause. We cannot say the district court decision was based on clearly untenable or

unreasonable grounds and conclude the district court did not abuse its discretion in granting the State's motion in limine excluding evidence related to seatbelts.

Accordingly, we affirm the conviction.

**AFFIRMED.**