# IN THE COURT OF APPEALS OF IOWA

No. 20-1548
Filed October 20, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**AUBREE KAY BOWERS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Russell G. Keast (motion to suppress) and Casey D. Jones (trial), District Associate Judges.

Aubree Bowers appeals her conviction of operating while intoxicated. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

Aubree Bowers appeals her conviction of operating while intoxicated. She challenges the district court's denial of her motion to suppress evidence obtained as a result of a traffic stop and the sufficiency of the evidence supporting her conviction.

**I.    Background**

For purposes of the suppression hearing, the parties stipulated to the following facts:

> [O]n August 24, 2019, at 2:26 a.m.[,] . . . . Deputy Heath Omar was traveling on Mount Vernon Road in Cedar Rapids, Linn County, Iowa, when he came into contact with a white Jeep Grand Cherokee that was also traveling on Mount Vernon Road in the oncoming direction. The witnesses will testify that Deputy Omar was operating his marked patrol unit at a speed of 41 miles an hour and that the posted speed limit on that section of Mount Vernon Road is 35 miles an hour.
>
> The parties are stipulating that as the vehicles drew nearer to each other that the Jeep Grand Cherokee being operated by the defendant made a left-hand turn onto the oncoming traffic lane causing the deputy to take evasive action to avoid colliding with the vehicle being operated by the defendant.
>
> At that point the deputy executed a traffic stop, alleging the basis of the stop—the probable cause to be that the defendant had made an unsafe left turn and subsequently the defendant was arrested and charged with operating a motor vehicle while under the influence of an alcoholic beverage.

After being charged by trial information with operating a motor vehicle while under the influence of an alcoholic beverage, in violation of Iowa Code section 321J.1(a) (2019), Bowers moved to suppress the evidence obtained as a result of the traffic stop. She argued Deputy Omar lacked a proper basis to initiate the traffic stop because "the officer was speeding when he made the stop of defendant, which negates any belief criminal activity was afoot." The State resisted, arguing

Bowers's failure to properly yield to oncoming traffic was a violation of Iowa Code section 321.320 and was sufficient to support the stop.

At the ensuring hearing, Bowers argued her turn would have been lawful but for the officer's rate of speed. The court concluded the statute made no exception for "justifiable unsafe left turns" based on an oncoming vehicle's rate of speed. The court found probable cause justified the stop.

Following the denial of her motion to suppress, Bowers selected to have the matter tried on the stipulated minutes of evidence. The court found her guilty of operating a motor vehicle while under the influence of an alcoholic beverage and while having an alcohol concentration in excess of .08 or more. Bowers appealed following the imposition of sentence.

## II.    Motion to Suppress

Bowers argues she was subjected to an unconstitutional seizure. We review constitutional suppression issues de novo. *State v. Fogg*, 936 N.W.2d 664, 667 (Iowa 2019). "[W]e independently evaluate the totality of the circumstances as shown by the entire record." *State v. Smith*, 919 N.W.2d 1, 4 (Iowa 2018) (alteration in original) (quoting *State v. White*, 887 N.W.2d 172, 175 (Iowa 2016)). "Each case must be evaluated in light of its unique circumstances." *Fogg*, 936 N.W.2d at 667 (quoting *State v. Coffman*, 914 N.W.2d 240, 244 (Iowa 2018)).

"The Fourth Amendment [to] the United States Constitution," as applied to the states by the Fourteenth Amendment, "and article I, section 8 of the Iowa Constitution protect individuals against unreasonable searches and seizures." *State v. Naujoks*, 637 N.W.2d 101, 107 (Iowa 2001); *accord State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015). Evidence obtained following a violation of these

constitutional protections is generally inadmissible at trial. *See Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963); *Mapp v. Ohio*, 367 U.S. 643, 654–55 (1961); *Naujoks*, 637 N.W.2d at 111.

It is true that stopping an automobile and detaining its occupants unquestionably amounts to a seizure within the meaning of the state and federal constitutions. *See Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Coleman*, 890 N.W.2d 284, 288 (Iowa 2017); *State v. Tyler*, 830 N.W.2d 288, 292 (Iowa 2013). But, all that is constitutionally required for a traffic stop to be permissible is that it be reasonable. *See* U.S. Const. amend. IV; Iowa Const. art. I, § 8. "Generally, a traffic stop is reasonable when the police have probable cause or reasonable suspicion to believe that the motorist violated a traffic law." *State v. Brown*, 930 N.W.2d 840, 845 (Iowa 2019). The burden is on the State to establish probable cause by a preponderance of the evidence. *Id.* at 855. If a traffic infraction occurs, however minor, and the officer witnessed it, the State has met its burden. *Id.*; *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). "The existence of probable cause for a traffic stop is evaluated 'from the standpoint of an objectively reasonable officer.'" *Brown*, 930 N.W.2d at 855 (quoting *Tyler*, 830 N.W.2d at 293–94). And, importantly, "[p]robable cause may exist even if the officer's perception of the traffic violation was inaccurate." *Tyler*, 830 N.W.2d at 293. "Probable cause exists where the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *State v. Pals*, 805 N.W.2d 767, 775 (Iowa 2011) (alterations in original) (internal quotation marks omitted) (quoting

*Brinegar v. United States*, 338 U.S. 160, 175 (1949)).  In determining whether the officer observed a violation of our traffic laws, we will "give considerable deference to the trial court's findings regarding the credibility of the witnesses," but we will not be "bound by them."  *See Tague*, 676 N.W.2d at 201.  Reasonable suspicion also justifies a brief detention for investigatory purposes and is established if "the stopping officer had specific and articulable facts, which taken together with rational inferences from those facts, to reasonably believe criminal activity may have occurred."  *Id.* at 204.

Bowers claims, "[a]rguably, Deputy Omar's violation of the posted speed limit caused [her] left-hand turn to be illegal."  She goes on to argue the State failed to meet its burden to show the stop was legal because it did not call Deputy Omar to testify about the details of the stop, namely the distance between the vehicles.  As the State summarizes it, Bowers's claim is that Deputy Omar caused her to commit a traffic infraction by driving six miles over the speed limit.  The relevant statute provides as follows:

> The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard, then said driver, having so yielded and having given a signal when and as required by this chapter, may make such left turn.

Iowa Code § 321.320.  What we do know is Bowers's left-hand turn required Deputy Omar to "take evasive action to avoid colliding with the vehicle being operated by" Bowers.  So the distance between the vehicles is largely irrelevant.  The only question is whether Deputy Omar's speed rendered Bowers's maneuver to not be in violation of the statute.  *See State v. Montgomery*, No. 02-1753, 2003

WL 21459331, at *2–3 (Iowa Ct. App. June 25, 2003) (finding no violation of section 321.320 when motorist began left turn but then stopped halfway through intersection when officer was preparing for a right turn at the same intersection and officer stopped to avoid a collision because motorist's maneuver would have allowed the officer to safely complete his turn, even though officer would not have avoided a collision if he had kept going straight, and the lack of the violation rendered a traffic stop unjustified).

Bowers's brief cites several civil cases and argues we should apply principles of contributory negligence and find Deputy Omar contributed to the cause of the traffic violation, thus negating probable cause for the vehicle stop. We note the cases Bowers cites predate Iowa's adoption of comparative fault which eliminated the complete bar of liability in civil cases in which a plaintiff was contributorily negligent. And Bowers fails to acknowledge *State v. Hubka,* a criminal case that considered civil contributory negligent cases in deciding criminal liability. 480 N.W.2d 867, 869–70 (Iowa 1992). "[A] defendant cannot escape criminal responsibility for [a traffic violation] merely because factors other than his [or her] acts contributed to the [violation], provided such other factors are not the sole proximate cause of" the violation. *Id.* at 869. The fact that Deputy Omar's speed may have been a factor does not relieve Bowers of criminal responsibility for the traffic violation. *See id.* at 869–70. This is because the failure of Deputy Omar to travel at a rate of speed six miles per hour fewer is not so substantial an act that would absolve Bowers from criminal liability for pulling out in front of him. *See id.* at 870. Furthermore, the question for us is not the ultimate criminal liability

for the improper turn, but whether the facts were sufficient to support probable cause to make the vehicle stop.

In any event, the constitutionality of this traffic stop turns on reasonability. As the district court noted, the statute required Bowers to yield to oncoming traffic. It does not create an exception for traffic that is traveling over the speed limit. So Bowers violated the statute and, thus, Deputy Omar had a sufficient basis to initiate a traffic stop. We affirm the denial of Bowers's motion to suppress.

## III.     Sufficiency of the Evidence

Bowers argues the evidence was insufficient to support her conviction under either alternative cited by the district court.[1]  Challenges to the sufficiency of the evidence are reviewed for corrections of errors at law.  *State v. Albright*, 925 N.W.2d 144, 152 (Iowa 2019).  The court views "the evidence 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'"  *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017) (quoting *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017)).  All evidence is considered, not just that of an inculpatory nature.  *See Huser*, 894 N.W.2d at 490.  "[W]e will uphold a verdict if substantial evidence supports it."  *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018) (quoting *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017)).  "Evidence is substantial if, 'when viewed in the light most favorable to the State, it can convince a rational [factfinder] that the defendant is guilty beyond a reasonable

---

[1] We agree with Bowers and the State that the minutes do not support a conviction under the second alternative.  Including that ground was probably an inadvertence.  The State submits we should remand to allow the error to be corrected.  That is not required if we find the conviction supported under the first alternative.  *See State v. Warren*, 955 N.W.2d 848, 858 (Iowa 2021).

doubt.'" *Id.* (quoting *Ramirez*, 895 N.W.2d at 890). Evidence is not rendered insubstantial merely because it might support a different conclusion; the only question is whether the evidence supports the finding actually made. *See Brokaw v. Winfield-Mt. Union Cmty. Sch. Dist.*, 788 N.W.2d 386, 393 (Iowa 2010). In considering a sufficiency-of-the-evidence challenge, "[i]t is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the [factfinder]." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)).

The minutes of evidence provide the following pertinent facts. After initiating the traffic stop based on the improper failure to yield, Deputy Omar made contact with Bowers, and "an odor of an alcoholic beverage was noted on the defendant's breath as well as other outward signs of insobriety." Another officer arrived on the scene "and immediately noticed signs of intoxication on the defendant." Bowers reported she consumed three drinks between 3:00 p.m. and 6:00 p.m. Bowers was subjected to field sobriety testing, and her performance on those tests led the assisting officer to opine Bowers was under the influence of an alcoholic beverage. She refused to submit to a chemical test after being transported to the jail. A third officer interviewed Bowers at the jail and her "appearance, conduct, and demeanor" led him to believe Bowers was under the influence of an alcoholic beverage.

As to the first alternative cited by the district court—operating a motor vehicle while under the influence of an alcoholic beverage—Bowers complains the minutes of evidence did not detail the behavioral indicators of intoxication she

exhibited; officers' opinion she was under the influence are merely conclusory; the minutes did not detail what sobriety testing was performed or how they were administered; and the results of the preliminary breath test, although not disclosed in the minutes, were inadmissible. But, viewing the evidence in the light most favorable to the State, as we must, an inference can be made that Bowers was under the influence of an alcoholic beverage based on her engagement in a traffic violation, smelling of alcohol, exhibiting behavioral indicators of being under the influence, and admitting to consuming alcohol. *See Wickes*, 910 N.W.2d at 563. These circumstances could convince a rational factfinder Bowers was under the influence of an alcoholic beverage, which is all that is required. We find the evidence sufficient to support the conviction.

## IV.    Conclusion

We affirm the denial of Bowers's motion to suppress and find the evidence sufficient to support her conviction.

**AFFIRMED.**