# IN THE SUPREME COURT OF IOWA

No. 14–2104

Filed November 18, 2016

Amended November 29, 2016

**STATE OF IOWA,**

Appellee,

vs.

**PATRICK DANIEL WHITE,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Johnson County, Marsha A. Bergan, Judge.

The defendant seeks further review of a court of appeals decision affirming the denial of a motion to suppress evidence. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

Davis L. Foster of Foster Law Office, P.C., Iowa City, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Janet M. Lyness, County Attorney, and Elizabeth Dupuich, Assistant County Attorney, for appellee.

**PER CURIAM.**

This appeal presents the question whether a seizure occurred when a police officer pulled his patrol car into a defendant's driveway with its emergency lights flashing, approached the defendant on foot, and directed the defendant to step down from his front porch onto the driveway. The district court denied the defendant's motion to suppress finding no seizure. A divided panel of the court of appeals affirmed. On our de novo review, we conclude the interaction was not consensual and therefore vacate the decision of the court of appeals, reverse the district court judgment, and remand the case for further proceedings.

## I. Factual and Procedural Background.

On October 7, 2013, police officer Alex Stricker was dispatched at approximately 11:30 p.m. in response to a reported hit-and-run collision. Because the caller provided a license plate number and description of the fleeing vehicle, Officer Stricker began driving toward the address listed on that vehicle's registration.

As Officer Stricker approached the home in his patrol car, he saw a vehicle backed into an open garage that matched the description of the vehicle reportedly involved in the collision. Officer Stricker saw the defendant, Patrick White, standing outside the driver's side door of the vehicle. Officer Stricker observed White leave the garage and begin walking toward the front door of the home. As White stepped onto his front porch, Officer Stricker pulled into the driveway, activated his emergency lights, and parked his patrol car.

White did not go inside his home and instead remained on the porch. Officer Stricker exited the patrol car and started asking White questions. Officer Stricker was in uniform and displayed a badge and firearm. Officer Stricker then asked, "Can you step down here and talk

to me?" Receiving no immediate response, Officer Stricker took one step onto the porch and said, "I need you to step down here and talk to me, OK?" White followed Officer Stricker back onto the driveway. Officer Stricker used a flashlight on the ground to show where he wanted White to proceed.

Officer Stricker then questioned White about the reported collision. Officer Stricker detected the scent of an alcoholic beverage and noticed other signs of intoxication. White admitted to having consumed three drinks after work. Officer Stricker asked White to perform field sobriety tests in the driveway. Based on the results of those tests, White was arrested for operating while intoxicated.

White was charged by trial information with operating while intoxicated, third offense, a class "D" felony. *See* Iowa Code § 321J.2(2)(*c*) (2013). White filed a motion to suppress any evidence obtained after Officer Stricker directed him to step off the porch and onto the driveway. White argued the officer's conduct amounted to an unlawful seizure in violation of his rights under the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution.

Following a hearing, the district court denied White's motion to suppress. The court rejected White's constitutional argument that he was seized by Officer Stricker on his front porch, finding instead that "a reasonable person would not have felt compelled to yield to Officer Stricker's request and statement to step off the porch to the driveway to speak with the officer." The court reasoned,

> Officer Stricker did not act to compel Mr. White to step down to the driveway. Officer Stricker was the only officer at the scene at that time. He had not drawn his weapon. He did not shine a flashlight in Mr. White's face. He did not touch

Mr. White. He did not speak in a loud or demanding tone. He made no threats. Mr. White was close to the door of his house. He is a larger man than Officer Stricker. He was at his home. Mr. White could have turned around and entered the house and locked the door. The Court finds that, instead, Mr. White chose to step down to the driveway as requested just as he had earlier chosen not to enter his home when the squad car pulled into the driveway.

Following a trial to the court on the minutes of testimony, White was convicted of operating while intoxicated, third offense. He was sentenced to a term of incarceration not to exceed five years with all but thirty days suspended and was placed on probation for a period of three years.

White appealed, arguing that his motion to suppress should have been granted. We transferred the case to the court of appeals. The court of appeals affirmed. It essentially agreed with the district court and determined that "[u]p to the point where Officer Stricker observed White exhibiting signs of intoxication, the interaction between Officer Stricker and White was consensual and not a 'seizure.'" One judge on the court of appeals panel dissented.

We granted White's application for further review.

**II. Standard of Review.**

"We review alleged violations of the right to be free from unreasonable searches and seizures de novo." *State v. Lindsey*, 881 N.W.2d 411, 415 (Iowa 2016). "In conducting our de novo review, we independently evaluate the totality of the circumstances as shown by the entire record." *Id.* "[W]e will give deference to the factual findings of the district court, but we are not bound by them." *State v. Lowe*, 812 N.W.2d 554, 566 (Iowa 2012). Notably, in this case, the moment when White contends he was seized was recorded by a dash cam in Officer Stricker's patrol car.

### III. Analysis.

The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. Article I, section 8 of the Iowa Constitution also guarantees the right of Iowans "to be secure in their persons . . . against unreasonable seizures and searches." Iowa Const. art. I, § 8. "We jealously guard our right to construe a provision of our state constitution differently than its federal counterpart, though the two provisions may contain nearly identical language and have the same general scope, import, and purpose." *State v. Jackson*, 878 N.W.2d 422, 442 (Iowa 2016). Nevertheless, it is only necessary to reach the Fourth Amendment to decide this appeal. As we have recognized,

> The Fourth Amendment's protection against unreasonable intrusions on a person's liberty arises when an officer seizes a person. A seizure occurs when an officer by means of physical force or show of authority in some way restrains the liberty of a citizen.

*State v. Reinders*, 690 N.W.2d 78, 82 (Iowa 2004) (quoting *State v. Pickett*, 573 N.W.2d 245, 247 (Iowa 1997)).

"Whether a 'seizure' occurred is determined by the totality of the circumstances." *State v. Wilkes*, 756 N.W.2d 838, 842 (Iowa 2008) (citing *United States v. Drayton*, 536 U.S. 194, 207, 122 S. Ct. 2105, 2113, 153 L. Ed. 2d 242, 255 (2002)). "The Supreme Court has long recognized that not all police contacts with individuals are deemed seizures within the meaning of the Fourth Amendment." *State v. Smith*, 683 N.W.2d 542, 546 (Iowa 2004) (quoting *Pliska v. City of Stevens Point*, 823 F.2d 1168, 1175 (7th Cir. 1987)); *cf. Reinders*, 690 N.W.2d at 82 ("Police questioning by itself, however, is generally not a seizure."). Such

encounters remain consensual "[s]o long as a reasonable person would feel free 'to disregard the police and go about his business.' " *Lowe*, 812 N.W.2d at 570 (alteration in original) (quoting *Smith*, 683 N.W.2d at 547). We have recognized the presence of several factors that might suggest a seizure has occurred, which include

> the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.

*Wilkes*, 756 N.W.2d at 842–43 (quoting *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S. Ct. 1870, 1877, 64 L. Ed. 2d 497, 509 (1980) (plurality opinion)). In other words, "objective indices of police coercion must be present to convert an encounter between police and citizens into a seizure." *Id.* at 843; *see also State v. Gully*, 346 N.W.2d 514, 517 (Iowa 1984) ("[T]here must be something uttered or done which would amount to an objective indication that the officer exercised some dominion over the person seized.").

On our de novo review, having considered the suppression hearing testimony and the video evidence, and giving appropriate deference to the findings of the district court, we conclude that White was seized within the meaning of the Fourth Amendment when Officer Stricker directed White to step off of the front porch and onto the driveway. We reach this conclusion for several reasons.

First, the flashing red and blue emergency lights on the top of Officer Stricker's patrol car remained on from the time Officer Stricker pulled into White's driveway until the time the field sobriety test was later conducted. While we have recognized that the use of emergency lights is not *per se* coercive, we have observed that emergency lights,

unlike ordinary headlights, can be coercive in the sense that they "invoke police authority and imply a police command to stop and remain." *Wilkes*, 756 N.W.2d at 844; *see also State v. Kurth*, 813 N.W.2d 270, 280–81 (Iowa 2012) (discussing an officer's activation of his patrol car's emergency lights).

Second, Officer Stricker parked his vehicle in the middle of White's driveway before approaching White on foot. The patrol car blocked White's vehicle in the garage and was parked approximately ten to fifteen feet from the front porch. In the past, we have considered the location of a patrol car in relation to the defendant's vehicle. *See Wilkes*, 756 N.W.2d at 844; *see also Kurth*, 813 N.W.2d at 277.

Third, after Officer Stricker approached White in uniform while displaying a badge and firearm, he asked—and then insisted—that White return to his driveway and talk to him: "I need you to step down here and talk to me, OK?" The officer's tone and step onto the defendant's front porch would have indicated to a reasonable person that he could not proceed into his home and that compliance with Officer Stricker's directive was now mandatory—especially in conjunction with the flashing emergency lights and nearby patrol car. This result is consistent with Fourth Amendment caselaw. *Compare I.N.S. v. Delgado*, 466 U.S. 210, 219–21, 104 S. Ct. 1758, 1764–65, 80 L. Ed. 2d 247, 257–58 (1984) (concluding that no seizure occurred where federal agents "only question[ed] people" and took no additional steps to obtain answers), *and Lowe*, 812 N.W.2d at 571 (reasoning that no seizure occurred in part because "[t]here were no 'commands'" and "only requests for information"), *with Florida v. Royer*, 460 U.S. 491, 494, 501–02, 103 S. Ct. 1319, 1322, 1326, 75 L. Ed. 2d 229, 234, 239 (1983) (finding that a seizure occurred when two officers' request "to accompany them to a

room" from a public concourse was made in conjunction with an indication that the defendant was not free to leave), *United States v. Beauchamp*, 659 F.3d 560, 566–67 (6th Cir. 2011) (concluding that, after the defendant had twice indicated he did not want to speak with police, a seizure occurred once he was instructed to "turn around and walk toward the officer"), *United States v. Palmer*, 603 F.2d 1286, 1288–89 & n.4 (8th Cir. 1979) (finding that an officer's second request to speak with an individual was "command," based on "the tone of voice [the officer] used," and amounted to a seizure), *and Parker v. Commonwealth*, 496 S.E.2d 47, 51 (Va. 1998) (concluding that a seizure within the meaning of the Fourth Amendment occurred when the officer drove his police cruiser from the street onto private property and stopped the cruiser "at the location where the defendant was standing").

For the foregoing reasons, we conclude that Officer Stricker seized White near the commencement of their encounter. This does not necessarily mean the motion to suppress should have been granted. Additional arguments were presented below that a seizure of White would have been justified based on the report he had committed a misdemeanor. However, the State does not present them to us as grounds for affirmance so we decline to address them.[1]

**IV. Conclusion.**

For the reasons stated above, we conclude that White was seized in violation of the Fourth Amendment to the United States Constitution at the time when Officer Stricker directed White to step off of the front porch and onto the driveway. We therefore vacate the decision of the

---

[1]The State does argue in a paragraph of its brief that any error in denying the motion to suppress would have been harmless beyond a reasonable doubt. However, we are not persuaded on this record.

court of appeals, reverse the district court judgment, and remand the case for further proceedings.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

This opinion shall be published.