# IN THE COURT OF APPEALS OF IOWA

No. 18-1684
Filed June 5, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TIMOTHY EDWARD RUNYON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Mills County, James S. Heckerman (motion to suppress) and Timothy O'Grady (trial), Judges.

Timothy Runyon appeals his conviction of operating while intoxicated, second offense, contending the district court erred in denying his motion to suppress evidence. **AFFIRMED.**

Jon H. Johnson of Johnson Law, P.L.C., Sidney, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Upon our de novo review of the entire record, we make the following factual findings. On July 30, 2017, at roughly 9:30 p.m., Deputy Joshua England of the Mills County Sheriff's Department was on routine patrol when he observed three individuals riding on two four-wheelers at a crop elevator in Hastings. At this time, the elevator, which is private property, was closed for business.[1] England made contact with these individuals and, while engaging with them, observed Timothy Runyon drive from behind one of the elevator's buildings in a Chevy Tracker. Runyon initially "came towards" England, proceeding on the direct path out of the elevator, but then diverted from that avenue, "cut[ting] across" and leaving the area in a different direction in between two buildings. It appeared to England that Runyon was trying to avoid him. This "seemed kind of odd" to England. England decided "to stop and find out what [Runyon] was doing back in that area" and "what he was doing at a closed business at 9:30 at night." England conducted a traffic stop of Runyon's vehicle, upon which England smelled a strong odor of alcohol coming from Runyon and noticed he had bloodshot, watery eyes. Runyon was ultimately charged by trial information with operating while intoxicated (OWI), second offense.

Runyon moved to suppress the evidence obtained as a result of the traffic stop, generally arguing England lacked reasonable suspicion to believe criminal

---

[1] England has been dispatched to the elevator area on previous occasions relative to criminal activities, including trespassing on the nearby railroad, a burglary, and stolen property. There is also a private path, although commonly used by the public, near the elevator leading to a nearby river where England has encountered individuals engaged in drug activity. The sheriff's department has received calls for service regarding use of the private path by the public.

activity was afoot. Following a hearing, the district court concluded England conducted a "proper investigatory stop based on reasonable suspicion that a crime may have been occurring," given the previous criminal activities in the area coupled with the fact that Runyon "was behind a closed, private business, at around 9:30 p.m., with no apparent legitimate reason." The matter proceeded to a bench trial. Following the State's case-in-chief, Runyon moved for judgment of acquittal, arguing England lacked reasonable suspicion to conduct a traffic stop.[2] The court denied the motion. In closing argument, defense counsel simply argued Runyon could not be convicted because the traffic stop amounted to an unconstitutional seizure. In its written verdict, the court addressed the "suppression issue" and essentially affirmed the initial ruling on Runyon's motion to suppress. The court found Runyon guilty as charged.[3]

Runyon now appeals, contending the district court erred in denying his motion to suppress evidence. He specifically argues England lacked the reasonable suspicion necessary to conduct an investigatory stop of his vehicle. Our review is de novo. *See State v. Smith*, 919 N.W.2d 1, 4 (Iowa 2018). "[W]e independently evaluate the totality of the circumstances as shown by the entire record." *Id.* (alteration in original) (quoting *State v. White*, 887 N.W.2d 172, 175 (Iowa 2016)). In evaluating the totality of the circumstances, we are entitled to consideration of evidence introduced at both the suppression hearing and trial.

---

[2] We note this is generally an improper basis upon which to move for or grant judgment of acquittal. *See* Iowa R. Crim. P. 2.19(8)(a) (requiring entry of judgment of acquittal "if the evidence is insufficient to sustain a conviction"). Such an argument is properly made in a pretrial motion to suppress, as was previously made in this case. *See* Iowa R. Crim. P. 2.11(2)(c).

[3] Runyon stipulated to being previously convicted of OWI.

*See State v. Tyler*, 867 N.W.2d 136, 152 (Iowa 2015). "Each case must be evaluated in light of its unique circumstances." *State v. Coffman*, 914 N.W.2d 240, 244 (Iowa 2018) (quoting *State v. Kurth*, 813 N.W.2d 270, 272 (Iowa 2012)). We give deference to the district court's findings of fact, but we are not bound by them. *State v. Storm*, 898 N.W.2d 140, 144 (Iowa 2017).

Stopping an automobile and detaining its occupants amounts to a seizure within the meaning of the state and federal constitutions. *See Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Coleman*, 890 N.W.2d 284, 288 (Iowa 2017); *State v. Tyler*, 830 N.W.2d 288, 292 (Iowa 2013). As such, a traffic stop must be reasonable under the circumstances. *See Whren v. United States*, 517 U.S. 806, 810 (1996); *State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002). "The principal function of an investigatory stop is to resolve the ambiguity as to whether criminal activity is afoot." *State v. Vance*, 790 N.W.2d 775, 780 (Iowa 2010) (quoting *State v. Richardson*, 501 N.W.2d 495, 497 (Iowa 1993)). The dispositive inquiry in this case is as follows: "would the facts available to the officer at the moment of the seizure . . . 'warrant a man [or woman] of reasonable caution in the belief' that the action taken was appropriate?" *Kreps*, 650 N.W.2d at 641 (quoting *State v. Heminover*, 619 N.W.2d 353, 357 (Iowa 2000)); *accord Terry v. Ohio*, 392 U.S. 1, 21 (1968).

Upon our de novo review of the record, we answer that question in the affirmative. Although we question the State's characterization of the area as one of "high crime," England was familiar with some criminal activity occurring in the area in the past. At a somewhat late hour when it was dark outside, England observed Runyon emerge from the rear area of a closed business on private

property.  Although Runyon initially proceeded in England's direction, he changed course from the direct path out of the property and left the area in a different direction.  Under the circumstances, we conclude England's decision to conduct an investigatory stop of Runyon's vehicle was reasonable, which is all that is constitutionally required.  *See* U.S. Const. amend. IV; Iowa Const. art. I, § 8.

We affirm the denial of Runyon's motion to suppress and his conviction of OWI, second offense.

**AFFIRMED.**