# IN THE COURT OF APPEALS OF IOWA

No. 18-2171
Filed January 23, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH JACKSON HOWARD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Mark F. Schlenker,

District Associate Judge.


        Joseph Howard appeals his conviction of possession of a controlled

substance following the denial of his motion to suppress.  **AFFIRMED.**


        Ryan J. Ellis of Ellis Law Offices, PC, Indianola, and Cathleen J. Siebrecht

of Siebrecht Law Firm, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson and Tyler J. Buller,

Assistant Attorneys General, for appellee.


        Considered by Tabor, P.J., May, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**SCOTT, Senior Judge.**

Joseph Howard appeals his conviction of possession of a controlled substance. He challenges the district court's denial of his motion to suppress evidence obtained as a result of a traffic stop, arguing the traffic stop lacked probable cause and was therefore unconstitutional. He specifically argues the State failed to meet its burden to prove he was operating a vehicle with an unilluminated headlamp or that the headlamp was otherwise inadequate under Iowa law.

## I.      Background Facts and Proceedings

On July 28, 2018, Officer Michael Chia of the Indianola Police Department was on routine patrol traveling westbound when he observed a vehicle traveling westbound on the same road. It was dark outside, but the road was equipped with various street lights. Chia observed the "[v]ehicle did not have the driver's side headlight functioning." Chia testified that the amber lamp, the "flasher," was illuminated, but the headlamp was not. Chia did not observe any traffic violations other than the headlamp. He testified he believed the headlamp to be deficient under Iowa law based on his training and experience.

After passing the subject vehicle, Chia turned around and initiated a traffic stop. Upon approach, the vehicle's window was down and Chia smelled an odor of marijuana coming from the vehicle. Howard was the driver, and his girlfriend and owner of the vehicle, Sarah Anderson, was the passenger. Chia requested Howard's information and advised, "You have a headlight out." After obtaining the paperwork, Chia returned to his cruiser and began running Howard's information. Around the same time, Officer Zach Ewing arrived, and both officers approached

the subject vehicle. Chia asked if there was any marijuana in the vehicle. Howard responded in the negative. The officers asked the occupants to exit the vehicle, after which Howard conceded there was marijuana in the vehicle. The passenger also conceded a bong was in the car. A search was conducted and the contraband was found. In lieu of arrest, Chia cited Howard for possession of a controlled substance and contraband. He issued a traffic warning memorandum for insufficient number of headlamps, in violation of Iowa Code section 321.385 (2018). Howard, Anderson, and the vehicle were released. At the suppression hearing, Anderson testified that, prior to the night in question, she noticed the suspect headlamp "was a little bit dimmer than the passenger side one." She testified that after the stop, she observed the headlamps and observed the driver's side lamp was "just dimmer" than the passenger side lamp.

Howard was charged by trial information with possession of a controlled substance.[1] Howard filed a motion to suppress, in which he argued the traffic stop and subsequent search were unconstitutional. At a subsequent hearing, Howard argued the headlamp was "simply dimmer" and Chia therefore lacked probable cause to initiate a traffic stop. The court ultimately denied the motion to suppress, concluding any illumination coming from the driver's side was likely a marker, running light, fog light, or other type of light than a headlamp, "but even if it is a headlight it is functioning so far below the light output of the lamp on the right side of the car that it may have been considered inadequate equipment under the

---

[1] The initial trial information identified marijuana as the controlled substance. The State later amended the trial information to identify cannabidiol as the controlled substance. He was separately charged with possession of drug paraphernalia.

applicable Iowa statutes." The court concluded Chia "could reasonably and with probable cause believe the headlights were not properly functioning on this vehicle and that the vehicle was being operated without adequate equipment required by the Iowa Code." In reaching said conclusion, the court discussed the requirements of Iowa Code sections 321.384, .385, .409, and .415.

Howard filed a motion to reconsider, enlarge, or amend pursuant to Iowa Rule of Civil Procedure 1.904(2), in which he largely complained the court did not consider Iowa code section 321.418, the application of which would arguably negate any probable cause. The court denied the motion. The matter proceeded to a bench trial on the stipulated minutes of evidence. The court found Howard guilty as charged. Howard appealed following the imposition of sentence.

## II.    Standard of Review

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." *State v. Fogg*, ___ N.W.2d ___, ___, 2019 WL 6973856, at *2 (Iowa 2019) (quoting *State v. Coffman*, 914 N.W.2d 240, 244 (Iowa 2018)). "[W]e independently evaluate the totality of the circumstances as shown by the entire record." *State v. Smith*, 919 N.W.2d 1, 4 (Iowa 2018) (alteration in original) (quoting *State v. White*, 887 N.W.2d 172, 175 (Iowa 2016)). In evaluating the totality of the circumstances, we are entitled to consideration of evidence introduced at both the suppression hearing and trial. *See State v. Tyler*, 867 N.W.2d 136, 152 (Iowa 2015). "Each case must be evaluated in light of its unique circumstances." *Fogg*, ___ N.W.2d at ___, 2019 WL 6973856, at *2 (quoting *Coffman*, 914 N.W.2d at 244). We give deference to the district court's findings of

fact, but we are not bound by them. *State v. Storm*, 898 N.W.2d 140, 144 (Iowa 2017).

## III. Analysis

Howard challenges the district court's denial of his motion to suppress, arguing the traffic stop lacked probable cause and was therefore unconstitutional. He specifically argues the State failed to meet its burden to prove he was operating a vehicle with an unilluminated headlamp or that the headlamp was otherwise inadequate under Iowa law.[2] He argues the evidence shows the subject headlamp was only dim, as opposed to unilluminated, and "the State did not meet its burden by a preponderance of evidence to show that the Officer had probable cause to stop the vehicle due to a headlight being 'out.'" Howard also argues the State failed to meet its burden to show he was not operating the vehicle in compliance with Iowa Code section 321.418.

"The Fourth Amendment of the United States Constitution," as applied to the states by the Fourteenth Amendment, "and article I, section 8 of the Iowa Constitution protect individuals against unreasonable searches and seizures." *State v. Naujoks*, 637 N.W.2d 101, 107 (Iowa 2001); *accord State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015). Evidence obtained following a violation of these constitutional protections is generally inadmissible at trial. *See Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963); *Mapp v. Ohio*, 367 U.S. 643, 654–55 (1961); *Naujoks*, 637 N.W.2d at 111.

---

[2] The State contests error preservation on a component of Howard's argument on appeal. We elect to bypass the State's error-preservation concerns and proceed to the merits. *See, e.g.*, *State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999); *In re B.E.*, 875 N.W.2d 181, 187 (Iowa Ct. App. 2015).

It is true that stopping an automobile and detaining its occupants unquestionably amounts to a seizure within the meaning of the state and federal constitutions. *See Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Coleman*, 890 N.W.2d 284, 288 (Iowa 2017); *State v. Tyler*, 830 N.W.2d 288, 292 (Iowa 2013). But, all that is constitutionally required for a traffic stop to be permissible is that it be reasonable. *See* U.S. Const. amend. IV; Iowa Const. art. I, § 8. "Generally, a traffic stop is reasonable when the police have probable cause or reasonable suspicion to believe that the motorist violated a traffic law." *State v. Brown*, 930 N.W.2d 840, 845 (Iowa 2019). The burden is on the State to establish probable cause by a preponderance of the evidence. *Id.* at 855. If a traffic infraction occurs, and the officer witnessed it, the State has met its burden. *Id.* "The existence of probable cause for a traffic stop is evaluated 'from the standpoint of an objectively reasonable officer.'" *Id.* (quoting *Tyler*, 830 N.W.2d at 293–94. And, importantly, "[p]robable cause may exist even if the officer's perception of the traffic violation was inaccurate." *Tyler*, 830 N.W.2d at 293. "Probable cause exists where the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *State v. Pals*, 805 N.W.2d 767, 775 (Iowa 2011) (alterations in original) (internal quotation marks omitted) (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)).

Howard's arguments on appeal boil down to one central concept—that the State failed to prove he was, as a matter of law, in actual violation of Iowa statutes concerning head-end illumination of motor vehicles. But our question is not

whether Howard was in actual violation, but whether Chia's decision to investigate was reasonable.

Iowa Code section 321.385 provides: "Every motor vehicle . . . shall be equipped with at least two headlamps with at least one on each side of the front of the motor vehicle, which headlamps shall comply with the requirements and limitations set forth in" chapter 321 of the Iowa Code. "Every motor vehicle upon a highway within the state, at any time from sunset to sunrise, . . . shall display headlamps as provided in section 321.415 . . . ." Iowa Code § 321.384(1); *see also id.* § 321.1(78) (defining highway). Each of the dual headlamps required by section 321.485 shall emit "a distribution of light, or composite beam, directed high enough and of sufficient intensity to reveal persons and vehicles at a safe distance in advance of the vehicle," subject to requirements and limitations generally irrelevant here. *Id.* § 321.415(1). When in use, high beams must be "so aimed and of sufficient intensity to reveal persons and vehicles at a distance of at least three hundred fifty feet ahead," while low beams must be "so aimed and of sufficient intensity to reveal persons and vehicles at a distance of at least one hundred feet ahead." *See id.* § 321.409(1). If a motor vehicle is operated at a speed not in excess of twenty miles per hour, it may be operated "when equipped with two lighted lamps upon the front thereof capable of revealing persons and objects seventy-five feet ahead in lieu of the lamps required by section 321.409 and 321.415." *Id.* § 321.418.[3]

---

[3] The State also cites Iowa Code section 321.387, which provides: "All lamps and lighting equipment originally manufactured on a motor vehicle shall be kept in working condition or shall be replaced with equivalent equipment." In addition, the State cites *United States v. Burnside*, No. CR17-2094-LTS, 2018 WL 1891571, at

Here, what the video evidence shows is unquestionably open to interpretation as to whether the headlight was inoperable or just dim. Whatever the case, the dash cam footage from Chia's patrol car that was admitted as evidence at the suppression hearing, while not explicitly clear on whether the headlamp was unlit or merely "just dimmer," unquestionably shows the suspect headlamp was not functioning as designed to. While Howard stresses how far away Chia was when he could see either the dim headlamp or the unlit headlamp and adjacent amber lamp, that analysis is not what the statutory scheme contemplates. The question is whether the headlamp illuminates sufficiently to identify objects in front of it. *See id.* §§ 321.409(1), .415(1), .418. Upon our review of the evidence, and a close review of the dash cam footage, we find the information available to Chia sufficient to warrant a person of reasonable caution that the vehicle Howard was driving was not in compliance with the foregoing statutes and, thus, probable cause existed to justify the stop. *See Pals*, 805 N.W.2d at 775. Alternatively, we conclude Chia had reasonable suspicion to initiate a traffic stop for investigatory purposes. *See Brown*, 930 N.W.2d at 845.

We agree with the district court that Chia had probable cause to believe the headlamp was inadequate under Iowa law. At the very least, reasonable suspicion justified the stop. We affirm the denial of Howard's motion to suppress and his ensuing conviction.

**AFFIRMED.**

---

*5 (N.D. Iowa Apr. 20, 2018), *appeal docketed*, No. 18-2863 (8th Cir. Aug. 29, 2018), which concluded the requirement applies to all lamps on a motor vehicle, notwithstanding the statute being entitled "Rear lamps." Under the circumstances of this case, we find it unnecessary to consider whether the State is correct.