# IN THE COURT OF APPEALS OF IOWA

No. 19-0283
Filed August 19, 2020

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**ALAN JAMES KUUTTILA,**
  Defendant-Appellant.
_____


Appeal from the Iowa District Court for Story County, Steven P. Van Marel (motion to suppress) and James B. Malloy (sentencing), District Associate Judges.


Alan Kuuttila appeals his convictions and sentences for three charges of possession of a controlled substance. **CONVICTIONS AFFIRMED, SENTENCE VACATED IN PART, AND CASE REMANDED WITH DIRECTIONS.**


Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


Considered by Tabor, P.J., May, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

Alan Kuuttila appeals his three convictions for possession of a controlled substance following a bench trial on the minutes of evidence. He first challenges the denial of his motion to suppress evidence seized as a result of law enforcement's warrantless search of garbage outside his residence. We review this constitutional challenge de novo by conducting an independent review of the circumstances as shown by the entire record before us. *See State v. White*, 887 N.W.2d 172, 175 (Iowa 2016). We give deference to the district court's findings but are not bound by them. *See id.*

The United States Supreme Court considered and rejected the claim that a person has a reasonable expectation to privacy requiring Fourth Amendment protection with regard to the contents of a garbage bag left for collection in *California v. Greenwood*, 486 U.S. 35, 39-40 (1988). Shortly after, this court adopted the reasoning of *Greenwood* in determining that evidence obtained by searching a defendant's garbage was properly considered by the court in issuing a search warrant of the defendant's premises. *See State v. Henderson*, 435 N.W.2d 394, 396-97 (Iowa Ct. App. 1988). In several decisions issued since *Henderson*, this court has adhered to its holding. *See, e.g.*, *State v. Skola*, 634 N.W.2d 687, 691 (Iowa Ct. App. 2001) ("Skola presents the court with no compelling reason to depart from the holdings in *Greenwood* and *Henderson*."). Kuuttila recognizes as much but asks us to reject the Supreme Court's reasoning in *Greenwood* and overrule *Henderson* in order to "conclude that Iowans do have a protected privacy interest under the Iowa constitution in their household trash set

out for collection and disposal." We decline to do so. As our supreme court has stated,

> Courts adhere to the holdings of past rulings to imbue the law with continuity and predictability and help maintain the stability essential to society. From the very beginnings of this court, we have guarded the venerable doctrine of stare decisis and required the highest possible showing that a precedent should be overruled before taking such a step.

*State v. Iowa Dist. Ct.*, 902 N.W.2d 811, 817 (Iowa 2017) (quotation marks and citations omitted). Finding no compelling reason to overrule precedent, we leave the issue to the Iowa Supreme Court to address should it choose to do so.

We then turn to the question of whether probable cause existed to support a search warrant on Kuuttila's apartment based on the evidence recovered from the garbage bags found on his premises. The answer turns on whether a reasonable person would believe a crime was committed or evidence of a crime could be located on the premises to be searched. *See State v. Shanahan*, 712 N.W.2d 121, 131-32 (Iowa 2006). In making this determination, we ask whether the court issuing the warrant had a substantial basis for concluding probable cause existed. *See id.* at 132. For that reason, we restrict our review to the information available to the court at the time it issued the warrant. *See id.*

The facts before the court at the time the warrant issued provide a substantial basis for the probable-cause determination. Deputy Sheriff Andy Boeckman applied for the warrant based on the Central Iowa Drug Task Force receiving "numerous tips" that Kuuttila was selling drugs from his residence. The deputy located Kuuttila's address and removed trash from outside it. In the trash, he found "several small baggies commonly used by drug dealers to deliver usable

amounts of narcotics to their clients." One of those small bags contained marijuana residue and another contained methamphetamine residue. Deputy Boeckman also found two pipes used for smoking, several used hypodermic needles, and pieces of mail with Kuuttila's name printed on them. Kuuttila complains that the information about the tips was vague and included no information regarding the veracity of those providing the tips. He also complains that there is no showing the seized trash containing drugs belonged to him because his apartment was one of four on the property and the affidavit does not state his mail was located in the same bag as the drugs. The affidavit does not recite any number of bags, referring only to "trash."

"[A]n anonymous tip alone does not ordinarily contain sufficient indicia of reliability to provide probable cause," but "a significantly corroborated anonymous tip" will support a warrant. *State v. McNeal*, 867 N.W.2d 91, 101 (Iowa 2015). Deputy Boeckman was able to verify the tips by locating drugs and drug paraphernalia in the trash left outside of Kuuttila's residence, which also contained Kuuttila's mail. We agree that the information before the court at the time the warrant issued provided a substantial basis for concluding probable cause existed.

Kuuttila also identifies a clerical error in the sentencing order. At the sentencing hearing, the State moved to dismiss a companion charge for possession of paraphernalia and agreed to pay its costs. In its oral pronouncement of sentence, the court agreed that the charge would be "dismissed with costs assessed against the State." But the sentencing order states that any companion charges "are dismissed with costs assessed to the defendant." In view of this clear error, we vacate that portion of the sentencing order and remand to "the district

court to correct the written judgment entry by issuing a nunc pro tunc order." *State v. Hess*, 533 N.W.2d 525, 529 (Iowa 1995).

Finally, we address the portion of the sentencing order assessing Kuuttila restitution for an undetermined amount of court costs and attorney fees. Under count I, possession of a cannabidiol, the court found that Kuuttila "is able to reimburse the State for court appointed attorney fees in the amount of $192.00." Under the two remaining possession counts, the order states only that it found Kuuttila able to pay court-appointed attorney fees without setting an amount. The court made no findings regarding Kuuttila's ability to pay court costs for any of the three counts. But the order states that the amounts are "due immediately and shall be considered delinquent if not paid within 30 days."

In *State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019), the Iowa Supreme Court held that an offender may be assessed court costs and court-appointed attorney fees to the extent that the offender has the reasonable ability to pay. But "*Albright* makes clear that with respect to restitution, no award of reasonable-ability-to-pay items . . . may occur until all such items are before the court and the court has then made a reasonable-ability-to-pay determination." *State v. Gross*, 935 N.W.2d 695, 702 (Iowa 2019). Because the court's determination of Kuuttila's ability to pay court-appointed attorney fees was premature, we were poised to vacate the restitution portion of the sentencing order and remand to the district court to enter a restitution order consistent with *Albright*. *See* 925 N.W.2d at 162-63. On June 25, 2020, our governor approved legislative amendments to Iowa Code chapter 910 (2020), which went into effect immediately. See 2020 Iowa Acts ch. 1074, § 64. On July 7, 2020, our supreme court entered a supervisory order

establishing rules and procedures to implement the Division XIII. *See generally* Iowa Supreme Ct. Supervisory Order, *In the Matter of Interim Procedures Governing Ability to Pay Determinations and Conversion of Restitution Orders* (July 7, 2020). We have not had the benefit of briefing and argument by the parties concerning the impact of the new legislation and supervisory order on the restitution issues Kuuttila raises. We think it best to vacate the restitution order and remand the matter to the trial court to consider Kuuttila's claims of error in the restitution award in light of *Albright*, the new legislation, and the supreme court's July 7 order. We so order.

**CONVICTIONS AFFIRMED, SENTENCE VACATED IN PART, AND CASE REMANDED WITH DIRECTIONS.**