**IN THE COURT OF APPEALS OF IOWA**

No. 19-1557
Filed November 30, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MITCHELL OHLAND,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Polk County, Christopher Kemp, District Associate Judge.

      Mitchell Ohland appeals his criminal conviction, challenging the denial of his motion to suppress. **AFFIRMED.**

      Thomas Hurd of Law Office of Thomas Hurd P.L.C., Des Moines for appellant.

      Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

      Considered by Mullins, P.J., and May and Schumacher, JJ.

**MULLINS, Presiding Judge.**

Upon our de novo review of the entire record, we make the following factual findings. At approximately 12:30 a.m. on June 15, 2019, Sergeant Steven Johnson of the Johnston Police Department was on routine patrol when he noticed the "left side light bulb of the license plate was out" on a nearby traveling vehicle, later determined to be driven by Mitchell Ohland. Johnson explained in his testimony on cross-examination at the suppression hearing that, when he drove past the vehicle while traveling in the opposite direction, he observed, in his side-view mirror, the right side of the plate was illuminated and the left side was "blacked out." Johnson turned around and caught up to the vehicle. Johnson ultimately initiated a traffic stop. Johnson confirmed in his testimony that he had "the opportunity to observe the license plate from a distance of 50 feet," and from that distance the license plate "was not fully visible." He explained, "[A]lthough it looked like the right side was illuminated, the left side was not, thus making the license plate not fully visible from that distance of 50 feet, which is the reason why I stopped him." He added, "That was the sole reason for the stop." Video footage from Johnson's dash cam was admitted as evidence at the suppression hearing. On cross-examination, defense counsel pointed out several points in the video footage that the vehicle's license plate appeared to be illuminated. Johnson explained that was a result of the reflection from the headlights on his police cruiser. He previously testified on direct examination that the illuminated appearance of the plate was "from all of the ambient light, my headlights, my traffic lights, my spotlight."

Ohland was ultimately charged by trial information with driving while barred as a habitual offender. He filed a pre-trial motion to suppress, alleging he was subjected to an unconstitutional seizure. At the suppression hearing, Ohland took the position that his license plate's illumination was not in violation of Iowa Code section 321.388 (2019) and the stop was therefore unconstitutional. Ohland essentially relied on the video evidence arguably depicting his license plate to appear illuminated to rebut the credibility of Johnson's testimony that the license plate "was not fully visible" from the statutory distance.

In its suppression ruling, the district court addressed the credibility issue as follows:

> The court has had the opportunity to view the video numerous times, and finds that the video evidence is not so compelling as to adequately negate S[e]rgeant Johnson's testimony. While the license plate does appear to have a glow in the video, it is not sufficiently clear whether the source of the illumination is the license plate lamps, the officer's headlights, or other ambient lighting. As shown below in still shots from the video, while the license plate does appear illuminated, so does the white traffic sign on the side of the road, which does not have its own source of illumination. The court cannot clearly decipher whether the lighting in the video meets the code requirement, or is merely ambient lighting. Because this court does not believe the video clearly rebuts S[e]rgeant Johnson's testimony, the court finds the State met its burden of preponderance of the evidence that the office[r] had probable cause for the traffic stop.

(Footnote omitted.)[1]

The court denied Ohland's motion to suppress. Following the denial of Ohland's motion to reconsider, enlarge, or amend, the matter proceeded to a

---

[1] In its ruling, the court provided still-shot images of the video footage depicting that both the license plate and nearby, unlit traffic sign appeared illuminated.

bench trial on the stipulated minutes of evidence, and Ohland was found guilty as charged. He appealed following the imposition of sentence.

On appeal, Ohland challenges the denial of his motion to suppress. He echoes his claim that the traffic stop resulting in his conviction was an unconstitutional seizure and the district court therefore erred in denying his motion to suppress. Specifically, he argues the State failed to meet its burden to show "the rear registration was not 'clearly legible' from a distance of 50 feet to the rear as required by Iowa Code [section] 321.388."

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." *State v. Fogg*, 936 N.W.2d 664, 667 (Iowa 2019) (quoting *State v. Coffman*, 914 N.W.2d 240, 244 (Iowa 2018)). "[W]e independently evaluate the totality of the circumstances as shown by the entire record." *State v. Smith*, 919 N.W.2d 1, 4 (Iowa 2018) (alteration in original) (quoting *State v. White*, 887 N.W.2d 172, 175 (Iowa 2016)). "Each case must be evaluated in light of its unique circumstances." *Fogg*, 936 N.W.2d at 667 (quoting *Coffman*, 914 N.W.2d at 244). We give deference to the district court's findings of fact, but we are not bound by them. *State v. Storm*, 898 N.W.2d 140, 144 (Iowa 2017).

"The Fourth Amendment [to] the United States Constitution," as applied to the states by the Fourteenth Amendment, "and article I, section 8 of the Iowa Constitution protect individuals against unreasonable searches and seizures." *State v. Naujoks*, 637 N.W.2d 101, 107 (Iowa 2001); *accord State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015). Evidence obtained following a violation of these

constitutional protections is generally inadmissible at trial. *See Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963); *Mapp v. Ohio*, 367 U.S. 643, 654–55 (1961); *Naujoks*, 637 N.W.2d at 111.

It is true that stopping an automobile and detaining its occupants unquestionably amounts to a seizure within the meaning of the state and federal constitutions. *See Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Coleman*, 890 N.W.2d 284, 288 (Iowa 2017); *State v. Tyler*, 830 N.W.2d 288, 292 (Iowa 2013). But, all that is constitutionally required for a traffic stop to be permissible is that it be reasonable. *See* U.S. Const. amend. IV; Iowa Const. art. I, § 8. "Generally, a traffic stop is reasonable when the police have probable cause or reasonable suspicion to believe that the motorist violated a traffic law." *State v. Brown*, 930 N.W.2d 840, 845 (Iowa 2019). The burden is on the State to establish probable cause by a preponderance of the evidence. *Id.* at 855. If a traffic infraction occurs, however minor, and the officer witnessed it, the State has met its burden. *Id.*; *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). "The existence of probable cause for a traffic stop is evaluated 'from the standpoint of an objectively reasonable police officer.'" *Brown*, 930 N.W.2d at 855 (quoting *Tyler*, 830 N.W.2d at 293–94). And, importantly, "[p]robable cause may exist even if the officer's perception of the traffic violation was inaccurate." *Tyler*, 830 N.W.2d at 293. "Probable cause exists where the facts and circumstances within [the officer's] knowledge and of which [the officer] had reasonably trustworthy information [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that an offense has been or is being committed." *State v. Pals*, 805 N.W.2d 767, 775 (Iowa 2011) (first and third alterations in original) (internal

quotation marks omitted) (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)). In determining whether the officer observed a violation of our traffic laws, we will "give considerable deference to the trial court's findings regarding the credibility of the witnesses," but we will not be "bound by them." *See Tague*, 676 N.W.2d at 201.

Ohland's argument on appeal boils down to one central concept: the State failed to prove, as a matter of law, that the nature of his license plate illumination was deficient per section 321.388. That statute provides: "Either the rear lamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of fifty feet to the rear." Iowa Code § 321.388.

Ohland argues "no evidence on the legibility of the plate was ever offered." He claims Johnson's testimony that the plate "was not fully visible" from a distance of fifty feet does not equate to evidence that it was not "clearly legible." But Ohland does not challenge the sufficiency of the evidence to show the plate was not fully visible from a distance of fifty feet. And, if the left side of the plate was not fully visible, it stands to reason that it was likewise not clearly legible—the visibility of the plate affects its legibility.[2] The evidence[3] presented shows the plate was not fully visible and the left side was "blacked out," at least while not being followed by

---

[2] The term "visible" is defined as "capable of being seen." *Visible*, *Merriam-Webster*, https://www.merriam-webster.com/dictionary/visible. The term "legible" is defined as "capable of being read or deciphered." *Legible*, *Merriam-Webster*, https://www.merriam-webster.com/dictionary/legible. A license plate cannot be read or deciphered if it cannot be seen.

[3] Ohland seems to suggest the video footage is the only evidence. There is no question that Johnson's testimony also amounted to evidence. *See, e.g., In re Estate of Palmer*, 122 N.W.2d 920, 923 (Iowa 1963).

Johnson and illuminated by his headlights, spotlight, and overhead lights. We thus conclude Johnson's initiation of a traffic stop was not an unconstitutional seizure, being based on Ohland's violation of Iowa Code section 321.388. We therefore affirm the denial of Ohland's motion to suppress and his conviction of driving while barred as a habitual offender.[4]

**AFFIRMED.**

---

[4] Given our disposition on this point, we find it unnecessary to address the State's alternative argument on appeal, that the stop was permissible based on a violation of Iowa Code section 321.387, which is entitled "Rear lamps," and provides: "All lamps and lighting equipment originally manufactured on a motor vehicle shall be kept in working condition or shall be replaced with equivalent equipment." While there is federal authority that the requirement applies to all lamps on a motor vehicle, notwithstanding the statute being entitled "Rear lamps," *see United States v. Burnside*, No. CR17-2094-LTS, 2018 WL 1891571, at *5–6 (N.D. Iowa Apr. 20, 2018), *aff'd*, 795 F. App'x 475, 476 (8th Cir. 2020), because we find the evidence sufficient to show a violation of section 321.388, we do not address whether section 321.387 applies to all lamps or is limited to "rear lamps."